Frederick H. Cyrenius, as Administrator, etc., Appellant, *v.* The Mutual Life Insurance Company of New York, Respondent.

Defendant issued a policy of insurance upon the life of C. The policy stated the consideration therefor to be the payment of a sum specified, by G., a son of C., and that the amount insured was, on the death of C., to be paid to the "assured." In the written application for the policy, which was signed by both C. and G., the latter is described as the applicant and the person for whose benefit the insurance was intended. In an action upon the policy, brought by plaintiff as administrator of C., *held*, that plaintiff, as such administrator, had no interest in the cause of action, and so could not maintain the action.

Reported below, 73 Hun, 365.

(Argued February 27, 1895; decided April 16, 1895.)

Appeal from judgment of the General Term of the Supreme Court in the fourth judicial department, entered

upon an order made November 21, 1893, which reversed a judgment in favor of plaintiff entered upon a verdict and ordered a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*William Tiffany* for appellant. The General Term reversed the judgment on the single ground that neither Alvin Cyrenius nor his estate was the owner of the policy, or had any cause of action under it, but that it belonged to George A. Cyrenius; this is erroneous. (Code Civ. Pro. §§ 113, 449; *Considerant* v. *Brisbane*, 22 N. Y. 386; *Pitney* v. *G. F. Ins. Co.*, 65 id. 6; *Kerr* v. *T. U. M. L. Ins. Co.*, 69 Hun, 393; *Grumal* v. *Schmidt*, 2 Sandf. 706; *Rowland* v. *Phalen*, 1 Bosw. 43; *Reed* v. *Harris*, 7 Robt. 151; *Allen* v. *Brown*, 44 N. Y. 228; *Green* v. *N. F. Ins. Co.*, 6 Hun, 128; *Burroughs* v. *S. M. L. Ass. Co.*, 97 Mass. 359; *Gould* v. *Emerson*, 99 id. 154; *Campbell* v. *N. E. M. L. Ins. Co.*, 98 id. 381; *Banks* v. *Wilks*, 3 Sandf. Ch. 99; *Wetmore* v. *Hageman*, 88 N. Y. 82; *Boon* v. *C. S. Bank*, 84 id. 83; *Bunn* v. *Vaughan*, 1 Abb. Ct. App. Dec. 253; *Emerson* v. *Blakely*, 2 id. 22; *Martin* v. *Funk*, 75 N. Y. 142.) In every case where a contract is made by or in the name of one person for the benefit of another, and where there is not an active trust created, an action on the contract may be brought in the name of either, and in that case, even if an action might have been brought in the name of George A. Cyrenius, this action can nevertheless be sustained, and the recovery in it will be a bar to any action in favor of George A. personally. In all such cases the person for whose benefit the contract is made may recover the fund from the party by whom or in whose name it is made for his benefit, less such sums as he may be entitled to deduct for expenses in the matter. (*Ludwig* v. *Gillespie*, 105 N. Y. 653; *Pitney* v. *G. F. Ins. Co.*, 65 id. 6; *Campbell* v. *N. E. M. L. Ins. Co.*, 98 Mass. 400.)

*Edward Lyman Short* and *William H. Shepard* for respondent. George A. Cyrenius was the beneficiary in the policy and the real party in interest, and the administrator of Alvin has no interest therein. (*Smith* v. *Æ. L. Ins. Co.*, 5 Lans. 545; *Hogle* v. *G. L. Ins. Co.*, 4 Abb. [N. S.] 346; May on Ins. § 112; Bliss on Life Ins. 6, 521; *Giddings* v. *Ins. Co.*, 102 U. S. 108; *Whiting* v. *M. Mut. Ins. Co.*, 129 Mass. 240; *Eckler* v. *Terry*, 95 Mich. 126; *Luchs* v. *C. M. L. Ins. Co.*, 108 U. S. 498; *Walsh* v. *M. L. Ins. Co.*, 133 N. Y. 418.)

O'BRIEN, J. This was an action upon a life insurance policy of $3,000, dated June 18, 1873, whereby the defendant insured the life of one Alvin Cyrenius, who died on the 6th of June, 1877. This action was commenced by his widow, as administratrix, who died during its pendency, and the present plaintiff, her successor in office, was substituted in her place and continued the action.

The action was commenced in 1877, and has since been before the courts in various forms and with varying results. On the first trial the plaintiff recovered, but the judgment was reversed by the General Term. On the second trial there was a disagreement of the jury, and on the third trial the plaintiff again had a verdict, but the judgment was again reversed at General Term. From this judgment of reversal the plaintiff has appealed to this court.

We have given attentive consideration to the oral and written arguments of the learned counsel for the plaintiff and, without attempting to express an opinion upon all the numerous and interesting questions discussed, we think it quite sufficient to say that the single point upon which the decision of the court below was placed cannot be successfully answered. That was that the plaintiff, as the administrator of Alvin Cyrenius, has no interest in the contract or the cause of action. The other defense, that the policy lapsed before the death for non-payment of the premium, is also serious, but as that possibly involved the consideration of questions of fact, it need not

be further referred to. The other question is fully discussed
in the opinion below, and, as we concur in its reasoning and
result, it is scarcely necessary to follow the line of argument
by means of which the learned counsel for the plaintiff has
reached another conclusion. The action was one at law for
the recovery of money due or payable to the plaintiff in his
capacity as personal representative, and unless the policy was
payable to his intestate, or came to the hands of the adminis-
trator as assets of the estate, he cannot recover. The defend-
ant insists that the policy was payable to George A. Cyrenius,
the son of the deceased, who before the death of the father,
assigned it to the plaintiff individually, and, therefore, that
the father, at his death, had no interest in it, and none passed
to his personal representatives. That the son did assign the
policy and, prior to the assignment, dealt with it as his prop-
erty is undisputed. In behalf of the plaintiff, it is urged that
the application, which is signed by both the father and the
son, shows that Alvin intended to and did insure his life for
the benefit of his estate. This view, it is claimed, is re-in-
forced by other facts in proof, such as the payment of some
part of the premium by the father. We think that nothing
appears to change the effect of the plain words of the contract
itself, the material part of which reads as follows :

"The Mutual Life Insurance Company of New York, in
consideration of the representations made to them in the
application for this policy, and of the sum of one hundred and
ninety-eight dollars and eighty-seven cents, to them duly paid
by George A. Cyrenius, son of Alvin Cyrenius, and of the
annual payment of a like amount on or before the 18th day
of June in every year during the continuance of this policy,
do insure the life of the said Alvin Cyrenius, of Scriba, in
the county of Oswego, state of New York, in the amount of
three thousand dollars for the term of his natural life; and
the said company do hereby promise and agree to pay the
amount of the said insurance at their office, in the city of New
York, to the said assured, his executors, administrators or
assigns, in sixty days after due notice and proof of the death.

of the said person whose life is hereby insured, the balance of
the year's premium, if any, being first deducted therefrom."

In the written application referred to and made a part of
the contract, George is described as the applicant for the
policy and the person for whose benefit the insurance was
intended.    Reading all the papers together, no other con-
struction is possible except that adopted by the court below,
that the contract is one insuring the father's life for the bene-
fit of the son.    The father's life, in which it is stated the son
had an interest, was the subject of the insurance, and naturally
and properly enough he was required to answer the questions
and sign the application.    But the son is the beneficiary.    He
is the assured to whom the defendant's promise to pay was
made and to whom the insurance was payable in the event of
death, and this promise or obligation was outstanding in the
hands of his assignee when the action was commenced and is
still so held.    No construction of the language used in the
policy and the application can fairly be adopted to make the
contract or promise one for the benefit of the father's estate.
There was no legal or equitable assignment to the father or
to his personal representatives, and the extraneous facts and
circumstances shown are all consistent with the purpose and
intention of all the parties as expressed by the language of
the policy. (*Ferdon* v. *Canfield*, 104 N. Y. 143 ; *Conn.
Mut. Life Ins. Co.* v. *Luchs*, 108 U. S. 498 ; *Walsh* v. *Mut.
Life Ins. Co.*, 133 N. Y. 418.)

The learned counsel for the plaintiff contends that the con-
tract may be regarded as one made with and payable to the
father for the benefit of his son, the father being a trustee of
an express trust for the benefit of the son which upon his
death devolved upon his administrator.    There are many
difficulties in the way of this theory, both of form and sub-
stance, even if such a construction could be given to the con-
tract.    We think that such a view of the legal relations of the
parties is not possible.    It would be doing violence to the
language of the contract to say that it was made by the
defendant with the father and in his name for the benefit of

the son. It is very plain, we think, that it was made with the son and in his name for his own benefit. The fact that the father signed the application with the son is not a circumstance of much significance as against the language of the policy itself. The defendant before entering into the contract needed to be informed in regard to the age, health and general history of the person whose life was the subject of the risk. No one could furnish that, but himself. This was the main purpose of the father's signature to the application. But even in that paper when the question was asked by the defendant with respect to the person for whose benefit the insurance was applied for, the answer is made that the son is such person. Then the amount of the insurance in the event of death is by the terms of the contract made payable to the *assured* and this term clearly refers to the son and not the father either as trustee or otherwise. The contract having been made with George in his own name for his own benefit he alone or his assignee is entitled to sue upon or enforce the defendant's promise.

The judgment should be affirmed and judgment absolute ordered for the defendant.

All concur.

Judgment affirmed.