## Bertha Hirsch et al., Respondent, *v.* David Mayer, Appellant.

1. Interpleader. One who assists in procuring an order of interpleader and consents that upon payment into court of the fund in controversy he be substituted as defendant cannot raise the question whether the original defendant could have maintained an action of strict interpleader.

2. Substituted Defendant. A party to whom an insurance policy has been assigned as collateral security, and who, in an action thereon, consents, upon payment of the fund into court, to be substituted as defendant in place of the insurance society, cannot, in such equitable action, avail himself of the objection that, since he had the legal title to the policy, the plaintiffs could not have recovered against the insurance society, or that in an action at law he might have recovered the full amount of the policy from the society.

3. Insurance Policy as Collateral Security — Distribution of Proceeds. A mortgagee, substituted by an order of interpleader as defendant in an action against a life insurance society upon a policy which has been assigned to him as collateral security, is not entitled to payment from the fund of a deficiency judgment recovered against the beneficiary, where, in consideration of the withdrawal of the answer interposed by the beneficiary in the foreclosure suit, the mortgagee had agreed to release the policy from liability for the mortgage indebtedness and to thenceforth hold it only as security for premiums paid.

4. Failure to Redeem. The assignee of an insurance policy, who holds it as collateral security for premiums paid and under an agreement to reassign it upon repayment of the premiums advanced, is not entitled to the whole fund, where redemption was not made, in the absence of a provision for the forfeiture of the beneficiary's rights in case of failure to redeem.

5. Redemption Agreement — Effect upon Beneficiary's Rights. An agreement that, upon repayment of premiums advanced, the assignee of an insurance policy will reassign it to the insured or his legal representatives does not transfer the beneficiary's title to the proceeds of the policy, where reassignment was not made and the term " legal representatives " manifestly intended whoever should be the beneficiary in case of the death of the insured.

*Hirsch* v. *Mayer*, 31 App. Div. 627, affirmed.

(Argued November 21, 1900; decided January 8, 1901.)

Appeal from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered October 25, 1898, affirming such part of a judgment of Special Term as is in favor of the plaintiffs.

The nature of the action and the facts, so far as material, are stated in the opinion.

*B. Lewinson* and *Max J. Kohler* for appellant. Judgment against plaintiffs should have been directed for total failure to establish any title to the money owing by the insurance company which it deposited in court after obtaining an order of interpleader. (*Bassett* v. *Leslie*, 123 N. Y. 396; *Delancy* v. *Murphy*, 24 Hun, 503; *Chamberlain* v. *Almy*, 3 Misc. Rep. 555; *Venable* v. *N. Y. B. F. Ins. Co.*, 17 J. & S. 481; *Kohn* v. *Jacobs*, 4 Misc. Rep. 265; *Heyman* v. *Smadbeck*, 6 Misc. Rep. 527; *McCreery* v. *Inge*, 49 App. Div. 133; *St. John* v. *A. M. L. Ins. Co.*, 13 N. Y. 31; *Wright* v. *M. B. L. Assn.*, 118 N. Y. 237; *Hutchings* v. *Miner*, 46 N. Y. 456.) The effect of the agreement of February 12, 1894, taken in connection with the earlier uncanceled assignment of the policy to defendant, absolute on its face, is to vest him with the entire legal and equitable interest in the policy. (*Brennan* v. *Crouch*, 32 N. Y. S. R. 273; 125 N. Y. 763; *Steinback* v. *Diepenbrock*, 1 App. Div. 417.) The action being equitable in character, the deficiency judgment counterclaimed in the 5th paragraph of the answer should have been allowed in any event and said judgment is allowable in favor of defendant as an equitable set-off. (*Culmer* v. *A. G. Co.*, 21 App. Div. 556; *Bohleber* v. *Waelden*, 150 N. Y. 405; *S. B. Co.* v. *Iba*, 155 N. Y. 224; *Richards* v. *La Tourette*, 119 N. Y. 54; *Davidson* v. *Alfaro*, 16 Hun, 353; 80 N. Y. 660; *Clute* v. *Warner*, 8 App. Div. 40; *Matter of Hatch*, 155 N. Y. 401; *Casserly* v. *Witherbee*, 119 N. Y. 522; *Westray* v. *U. S.*, 18 Wall. 322; *Husted* v. *Ingraham*, 75 N. Y. 251.)

*Louis Wertheimer* for respondents.

LANDON, J. The plaintiffs brought their action against the Provident Life Assurance Society to recover $5,000, the proceeds of the policy issued by the society on the life of their father, Jacob Hirsch, and payable upon his death to their

mother, Jeanette Hirsch. Jacob Hirsch died September 30, 1894. The complaint alleged that Jeanette Hirsch, on October 18th, 1894, assigned the said policy and all her interest in the moneys payable under it to the plaintiffs.

The assurance society then obtained an order upon the appearance and consent of the plaintiffs and the present defendant, David Mayer, that upon payment into court to the credit of the action of $5,030.83, David Mayer be substituted as defendant in the action in place of the society, and that it be discharged from liability either to the plaintiff or said Mayer. Thereupon the assurance society paid the money into court, and the action was continued between the present parties. In their supplemental complaint the plaintiffs deny that the defendant has any claim to the fund, but in their reply to his answer they admit his claim to $629.33, premiums advanced by him upon the policy. The defendant by his answer alleges that the policy was assigned to him as security for the payment of whatever moneys Jacob Hirsch should become indebted to him, and asks to be allowed, in addition to the $629.33, $80 for rent and $2,275.43, the amount of a deficiency judgment recovered against Jeanette Hirsch upon a mortgage given by her, also to secure the same indebtedness of Jacob Hirsch to him. It is, therefore, not necessary to inquire, as the appellant insists we should, whether the assurance society could have maintained an action of strict interpleader. The appellant assisted in procuring the order of interpleader, and thus the payment of the fund into court, to the end that the rights, legal and equitable, of the plaintiffs and himself therein as they should assert them in their pleadings should be determined, and the fund distributed accordingly.

The defendant held the legal title to the policy by virtue of an assignment thereof to him by the assured, Jacob Hirsch, and the beneficiary, Jeanette Hirsch, dated June 4th, 1891, but the assignment was then made " as collateral security for the repayment to said David Mayer of certain moneys," in which the said Jacob Hirsch was indebted to the defendant. At the time of this assignment the defendant also held a bond

and mortgage executed by plaintiff's assignor, Jeanette Hirsch, to Mathilda Hirsch, and assigned to him, which assignment the trial court found " defendant claims was made to secure the same indebtedness." In the assignment by the beneficiary, Jeanette Hirsch, to the plaintiffs, it was recited that the proceeds of the policy were subject to the claim of David Mayer, to whom the policy was assigned as collateral security for certain payments, and that he was in possession of the policy, but the amount of his claim was unknown to the assignor, and the assignment was of " all my right, title and interest in and to any and all moneys to which I may now be and at any time hereafter may become entitled under the policy."

It may be that in the action at law brought by the plaintiffs against the assurance society, the objection that the legal title to the policy was in the defendant, and that the plaintiffs had mistaken their remedy, would have been valid, and also that if the defendant had brought his action at law against the society he could have recovered the full amount of the policy ; in which case he would have held the amount equitably due the beneficiary as her trustee, or as trustee of the plaintiffs, her assignees, but the defendant cannot avail himself of such an objection in this equitable action which by his consent has been substituted for the plaintiffs' action at law, and also for any he might bring.

Under the pleadings as both parties have framed them the action is in equity in which the defendant should be awarded so much of the fund as will satisfy his just claims upon it, and the plaintiffs be awarded the remainder. (*Clark* v. *Mosher*, 107 N. Y. 118.) This the trial court held, and thereupon stated the account between the parties. Only one item of the account needs discussion.

On February 12, 1894, Jacob Hirsch was still owing the defendant more than $5,000. The defendant had begun an action to foreclose the mortgage above mentioned. The mortgagor, the said Jeanette Hirsch, had served an answer to the complaint raising issues which threatened his defeat and would have necessitated a trial. In consideration of her with-

drawing her answer, the defendant on that day executed and delivered to Jeanette Hirsch an agreement in which, after reciting the said assignment to him of the insurance policy as collateral security, substantially as stated above, this recital was made: "Whereas, restitution and full and complete satisfaction has been made to said David Mayer of said moneys so collected as aforesaid," and the further recital that David Mayer had paid certain premiums upon said policy and it was likely he would pay more; the agreement provided, that on the repayment to him at any time within three months from the first payment of premiums paid by him after March 1st, 1894, of the total of his said payments up to the time of such repayment, David Mayer "will reassign said policy to Jacob Hirsch or his legal representatives," and that if Jacob Hirsch should himself pay the premiums thereafter accruing, but should not redeem the policy before its maturity, then said Mayer should reimburse himself from the proceeds of the policy in the amount of his payments and interest, "and the balance shall be paid to Jeanette Hirsch or her legal representatives."

Jeanette Hirsch withdrew her answer. Mayer obtained judgment of foreclosure and sale, and after the sale and before the death of Jacob Hirsch, also a judgment for the deficiency for $2,745.43, on which execution was issued and returned unsatisfied. The trial court refused to allow the amount of that judgment out of the fund. In this there was no error. The agreement of February 12, 1894, discharged as to the policy the debts for which the defendant held it as collateral security, and he thenceforth held it only as security for the payments which he had made or might make thereon for premiums with interest, and these sums the judgment allows him.

The judgment for deficiency is upon account of the indebtedness of Jacob Hirsch, as to which the policy was released. The judgment was obtained because of such release. That release was in equity as effectual after the recovery of the deficiency judgment as before it, otherwise the release would not have been substantial, as the parties intended it should be. The policy was, therefore, in equity exempt from counter-

claim or offset in favor of the defendant in the hands of the assignor when she transferred her interest in it to the plaintiffs. The plaintiffs do not seek to recover anything from the defendant; their claim is against the fund, which is by the defendant's agreement exempt from liability for Jacob Hirsch's debts, to secure which it was originally assigned.

The defendant also insists that the defendant is legally entitled to the whole fund because Jacob Hirsch did not "redeem" the policy by paying the defendant the premiums he advanced; but there is no provision for the forfeiture of the beneficiary's rights because of such omission, and none will be implied.

The provision that the defendant, upon such redemption, would assign the policy to Jacob Hirsch or his legal representatives, did not transfer the beneficiary's title to the proceeds of the policy to them (1) because no such assignment was made; (2) because the term "legal representatives" was manifestly intended to embrace whoever should, in case of the death of Jacob Hirsch, be the beneficiaries, and was not intended to displace Jeanette Hirsch, if she should be living.

The judgment should be affirmed, with costs.

Pᴀʀᴋᴇʀ, Ch. J., O'Bʀɪᴇɴ, Bᴀʀᴛʟᴇᴛᴛ, Hᴀɪɢʜᴛ, Mᴀʀᴛɪɴ and Vᴀɴɴ, JJ., concur.

Judgment affirmed.

---

Wɪʟʟɪᴀᴍ H. Sᴛ. Jᴏʜɴ, Appellant, *v.* Tʜᴇ Nᴇᴡ Yᴏʀᴋ Cᴇɴᴛʀᴀʟ ᴀɴᴅ Hᴜᴅsᴏɴ Rɪᴠᴇʀ Rᴀɪʟʀᴏᴀᴅ Cᴏᴍᴘᴀɴʏ, Respondent.

Nᴇɢʟɪɢᴇɴᴄᴇ — Iɴᴊᴜʀɪᴇs Rᴇᴄᴇɪᴠᴇᴅ ᴀᴛ Rᴀɪʟʀᴏᴀᴅ Cʀᴏssɪɴɢ — Qᴜᴇs- ᴛɪᴏɴs ᴏꜰ Fᴀᴄᴛ. In an action against a railroad company to recover for personal injuries received at a crossing, from which the flagman whose duty it was to caution pedestrians as to the movement of trains was absent, by one who, while waiting between tracks for the passage of a train in front of him, was struck by a timber projecting from one of the cars and thrown against another train, which had been taking coal some one hundred and eighty feet from such crossing and while he was waiting had started and was passing rapidly on the track behind him, the questions as to whether the defendant was negligent or not, whether the

31