## YUENGLING v. COMMISSIONER OF INTERNAL REVENUE.
### No. 5246.

Circuit Court of Appeals, Third Circuit.
March 20, 1934.

*Rehearing denied April 16, 1934.

John J. Sullivan, of Philadelphia, Pa., for petitioner.

Pat Malloy, Asst. Atty. Gen., and Walter L. Barlow and John H. McEvers, Sp. Assts. to Atty. Gen., for respondent.

Before WOOLLEY, DAVIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

This petition involves the income tax liability of Frank D. Yuengling for the year 1928.

He executed an irrevocable trust agreement. It provided that the trustee would use the income of the res to pay premiums on policies of insurance upon the petitioner's life and designated his wife and children as the beneficiaries of the trust.

The question here is whether or not that portion of the income of the res which was applied to the payment of premiums on the insurance policies on the petitioner's life for his family's benefit is taxable to him. The facts here are substantially the same as those considered by the Supreme Court when it decided this question in Burnet v. Wells, 289 U. S. 670, 53 S. Ct. 761, 77 L. Ed. 1439. Accordingly, upon the authority of that case, we hold that such income is taxable to the petitioner.

The second question is determined also by the broad principle that income may include not only ownership but rights or privileges that are merely indicia of ownership. Certain corporations, in which the petitioner owned all the capital stock, paid premiums on policies of insurance on the life of the petitioner. The proceeds of the policies were to be paid to the petitioner's wife and children. The corporations did not benefit from the policies.

These facts are sufficient to sustain the determination of the Board of Tax Appeals that the petitioner received the benefit of the payments, and they were income to him.

It is the settled administrative practice to regard premiums paid by a corporation on an individual insurance policy on the life of an officer as income to the officer if he is permitted to designate the beneficiary and if the corporation is not directly or indirectly benefited thereby. George M. Adams, 18 B. T. A. 381; N. Loring Danforth, 18 B. T. A. 1221. The payment of such premiums by the corporation must be presumed as compensation for services, rather than gifts as the petitioner contends, since a corporation cannot lawfully give away its assets. Noel v. Parrott, 15 F. (2d) 669, 671 (C. C. A. 4), certiorari denied, 273 U. S. 754, 47 S. Ct. 457, 71 L. Ed. 875.

The order of redetermination of the Board of Tax Appeals is affirmed.