## COMMISSIONER OF INTERNAL REVE-
### NUE v. BONWIT.
### No. 221.

Circuit Court of Appeals, Second Circuit.

Feb. 8, 1937.

For opinion below, see 33 B.T.A. 507.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key and S. Dee Hanson, Sp. Assts. to the Atty. Gen., for petitioner.

Arthur B. Hyman, of New York City, for respondent..

Before SWAN, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

SWAN, Circuit Judge.

In the year 1928 Bonwit Teller & Co., hereinafter referred to as the corporation, paid premiums of $46,434.90 upon policies of insurance issued on the life of Paul J. Bonwit, the taxpayer whose income tax for that year is in litigation. This appeal presents the question whether certain of the premiums so paid by the corporation constituted taxable income to the respondent.

The policies fall into three groups. One group consists of policies for $175,000 which had been issued on the application of the respondent and named as beneficiaries members of his family or his estate. Premiums paid on these policies were held taxable income to him. The correctness of this ruling is no longer questioned. Another group consists of policies for $139,500 for which the corporation had made application and under which it was the beneficiary. The premiums paid on this group were held not taxable to Mr. Bonwit, and this ruling is also not disputed. A third group embracing policies in the aggregate amount of $500,000 raises the question presented here.

These policies were taken out in 1923. The applications named the corporation as the applicant for insurance and were signed both by it and by Mr. Bonwit. The insurance was applied for by the corporation for the purpose of creating greater efficiency among its officers and for the betterment of its business. Some of the policies were originally payable to the corporation, but in 1928 the beneficiaries were the respondent's wife, in policies for the face amount of $250,000, and his sons Walter and Harold, in policies for $125,000 each. The policies were in the standard form; no power to change the beneficiary was reserved. The records of the corporation contain no resolutions pertaining to the insurance policies nor any agreement

between the corporation and the respondent with respect to them. The respondent was the president of the corporation, and his two sons were in its employ during 1928 at salaries of $26,000 and $36,000, respectively. A majority of the stock of the corporation outstanding in 1928 was owned by the respondent and his wife, her shares being held in trust for the sons. The premiums paid by the corporation in 1928 were deducted by it in its income tax return as ordinary and necessary expenses. In the respondent's return no mention was made of the premiums. The Commissioner surcharged his return to include them as income. The Board reversed his ruling and the Commissioner brings its order here for review.

There is no specific statutory provision with respect to the premiums in question, as there was in Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439. Their payment did not satisfy any debt or obligation owing by the respondent, as did the payment of taxes in Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918. The respondent was not a party to the contracts of insurance, for he signed the applications as the insured, not as the applicant for the insurance. Cyrenius v. Mutual Life Ins. Co., 145 N.Y. 576, 581, 40 N.E. 225. Even if he had been the applicant, he would have incurred no obligation to pay any premium beyond that for the first year. If subsequently accruing premiums were not paid, the policies would lapse, but no action could have been maintained by the insurance companies for the premiums paid in 1928. Hence the premium payments can be considered income to the respondent only if they were made as additional compensation for his services to the corporation. Several cases have held that payment of insurance premiums by an employer constituted additional compensation to an employee whose life was insured in favor of his wife and children or other beneficiaries designated by him. Yuengling v. Commissioner, 69 F. (2d) 971 (C.C.A.3); Canaday v. Guitteau, 86 F.(2d) 303 (C.C.A.6); George Matthew Adams v. Commissioner, 18 B.T.A. 381; N. Loring Danforth v. Commissioner, 18 B. T.A. 1221. The Board of Tax Appeals distinguished these cases from the case at bar, but the differences they point out seem to us insufficient basis for an opposite result.

▆ In the present case the corporation paid premiums on policies which irrevocably name as beneficiaries the wife or one of the sons of its president. It can gain no direct benefit from the insurance; indirect benefit to it must come only from the effect that keeping the policies in force may have upon either the respondent or the beneficiaries. A corporation may not lawfully give away its property in order to gratify an individual; hence there is a presumption that payments beneficial to an employee are intended as additional compensation rather than gifts. Noel v. Parrott, 15 F.(2d) 669, 671 (C.C.A.4), certiorari denied 273 U.S. 754, 47 S.Ct. 457, 71 L.Ed. 875; Fisher v. Commissioner, 59 F. (2d) 192, 193 (C.C.A.2); Yuengling v. Commissioner, 69 F.(2d) 971, 972 (C.C.A. 3). The presumption gains added force from the corporation's treatment of the payments, in its own tax return, as ordinary and necessary expenses; obviously it did not regard them as gifts. When the policies in question were taken out by the corporation, and when those originally payable to the corporation were changed to name irrevocably the president's wife and sons, he was consulted and acquiesced in the corporate action. The insurance broker testified that "Mr. Paul Bonwit was always present—he had to be, couldn't go ahead without him." The inference is inescapable that he was instrumental in designating the beneficiaries. Under these circumstances, the presumption that insurance premiums paid by the corporation were intended as additional compensation to him should be indulged, regardless of the fact that he was not the applicant for the policies or that he had no power to change the beneficiaries. Nor do we think the presumption is rebutted with respect to the policies payable to the sons by the fact that in 1928 they were receiving salaries which would seemingly make them financially independent of their father. What the situation was when they were named the beneficiaries does not appear.

▆ The Board's opinion states that "there is no evidence that he or his employer intended or regarded them"—premium payments—"as additional compensation," and the respondent rightly asserts that this court is bound by the Board's findings on questions of fact, if they find any support in the evidence. The Board's formal findings of fact make no reference to additional compensation, but do include a finding that the records of the corporation contain no resolutions pertaining to the policies, nor any agreement between the cor-

poration and the respondent respecting them. The above-quoted sentence from the opinion was perhaps intended as a reference to the absence of evidence in the corporate records. At most it, can be construed as a statement that no affirmative evidence was offered to prove that the premiums were intended as additional compensation. But the burden was not upon the Commissioner to present such affirmative evidence. He had determined a deficiency based on including these payments in the taxpayer's income, and the burden of proof was upon the taxpayer to show that they were wrongfully so included. Welch v. Helvering, 290 U.S. 111, 115, 54 S.Ct. 8, 78 L.Ed. 212; Wickwire v. Reinecke, 275 U.S. 101, 48 S.Ct. 43, 72 L.Ed. 184; Austin Co. v. Commissioner, 35 F.(2d) 910, 912 (C.C.A.6). He failed to carry that burden. On the contrary, the facts disclosed raised the presumption, already discussed, that the premiums were paid as additional compensation to the taxpayer, and the record contains nothing to rebut it. We are at liberty, therefore, to disregard the above-quoted statement from the opinion, if it may be considered as a finding of fact.

The order is reversed and the cause remanded for entry of an order in conformity herewith.