## In re YAEGER.

### No. 25631.

District Court, W. D. New York.

Oct. 28, 1937.

Relin & Relin, of Rochester, N. Y., for the bankrupt.

Robert T. Headley, of Rochester, N. Y., for trustee in bankruptcy.

BURKE, District Judge.

This brings up for review the decision of the referee in bankruptcy regarding a certain policy of insurance written on the life of the bankrupt by the Guardian Life Insurance Company of America. The policy is a 20 year endowment in the principal sum of $4,000. It was written on June 16, 1926. Margaret Yaeger, mother of the bankrupt, was the beneficiary. On August 8, 1935, in accord with the right reserved in the policy, the bankrupt substituted his

wife as beneficiary and in the event that she should predecease him the proceeds of the policy were to go to his children. On June 27, 1936, in connection with the bankrupt's application for a loan, the insured's wife was made the sole beneficiary. On June 29, 1936, the bankrupt and his wife executed and delivered to the Union Trust Company of Rochester an assignment of the policy and on July 15, 1936, the Union Trust Company loaned the bankrupt $893 on two notes, one for $733 due in three months and the other for $160 due in one week. The assignment of the insurance policy was made as collateral to these loans.

The $160 note was paid by the bankrupt on July 20, 1936, and the note for $733 was paid on October 23, 1936, the day before an involuntary petition in bankruptcy was filed against the bankrupt. Thereupon the Union Trust Company executed a release of the assignment. The bankrupt duly filed his schedules and this policy was listed and claimed exempt by the bankrupt under section 55-a of the New York Insurance Law (Consol.Laws, c. 28). The trustee contested this claim for exemption of the policy upon the ground that the loans were repaid upon the eve of bankruptcy and with the intention of defrauding his creditors. The bankrupt instituted a proceeding to recover possession of the policy from the trustee and was met with the contention of the trustee denying that the policy was exempt under section 55-a of the Insurance Law of New York and the affirmative defense that the payment was made with the intention of defrauding creditors. After a hearing the referee held that the policy was exempt and further held that under the circumstances it was improper use of the bankrupt's money as against the rights of creditors and that by such an act, the bankrupt, while insolvent, depleted his estate to the extent of the loan paid and that there was no adequate return to the creditors but rather a return to the bankrupt himself because he attained unencumbered a policy of insurance for which he claimed exemption.

The policy is exempt from the claims of the insured's creditors. In re Messinger (C.C.A.) 29 F.2d 158, 68 A.L.R. 1205; Matter of Horwitz (D.C.) 3 F.Supp. 16. Thus far we are not in disagreement with the decision of the referee in bankruptcy.

The referee, however, went further and held that it was improper use of the bankrupt's money to repay the loan of $733 to the Union Trust Company and thus secure the release of the insurance policy which had been pledged as collateral. By such an act, according to the referee's decision, the bankrupt depleted his estate and there was no adequate return to the creditors but rather a return to the bankrupt himself because he obtained for himself the policy of insurance for which he claimed exemption. The exemption claimed, however, is not for the benefit of bankrupt but for the benefit of the beneficiary. The referee directed the bankrupt to reimburse the trustee to the extent of the payment to the Union Trust Company with interest and held that when such payment was made the trustee was authorized to turn over the insurance policy in question to the bankrupt. The referee relied upon the authority In re Hirsch (D.C.) 4 F.Supp. 708. That decision was on a motion to confirm the report of a special master overruling the specifications of objecting creditors and confirming a composition. In that case, however, the bankrupt had fraudulently paid premiums on the policy of insurance involved from five to seven months before their due date and had repaid to the insurance companies moneys borrowed upon the policy involved. As to the fraudulent payment of premiums, they are specifically excepted from the protection by way of exemption afforded by section 55-a of the New York Insurance Law. Furthermore, the court pointed out in the Hirsch Case that an advance made by an insurance company on its policies is not strictly speaking a loan but an advancement, that there was no personal liability, that the amount borrowed was not a debt and furthermore that the insurance company had no claim which could have been proven in the bankruptcy proceeding. In the case at bar the loan made by the Union Trust Company to the bankrupt was made on the personal note of the bankrupt. It was a claim that was provable in bankruptcy and was secured by the assignment to the bank of the policy in question. In the Hirsch Case the court flatly held that the course of conduct pursued by the bankrupt was fraudulent. The referee has not gone that far in the case now before us. Nor do I think that the evidence presented before the referee would warrant a conclusion of fraud upon the part of the bankrupt.

It is true that at the time of the repayment to the Union Trust Company of the amount in question the bankrupt was

326

insolvent but he was insolvent at the time that he borrowed that sum of the Union Trust Company and pledged the policy as collateral. There is no evidence that the proceeds of that loan did not go into the business of the bankrupt. By the repayment of the loan the policy was placed in the same status as it had been before the loan was made. The exemption claimed is not for the benefit of the bankrupt but for the benefit of the beneficiary. That protection may only be invaded in case premiums have been paid by the insured in fraud of his creditors. U. S. Mortgage & Trust Co. v. Ruggles, 258 N.Y. 32, 179 N. E. 250, 79 A.L.R. 802; Chatham Phenix National Bank & Trust Co. v. Crosney, 251 N.Y 189, 167 N.E. 217; Schwartz v. Holzman (C.C.A.) 69 F.2d 814.

The order entered upon the decision of the referee should be modified to provide that the policy in question be turned over to the bankrupt and to provide further that, upon change of beneficiary for the personal advantage of the insured or at the maturity of the policy during the lifetime of the insured, the amount of the cash surrender value as of the date of adjudication herein shall be and become unadministered assets of the bankrupt's estate and that the right of the bankrupt to borrow against the reserve of said policy be limited to an extent that will not impair the contingent interest of the bankrupt estate in said policy and that the Guardian Life Insurance Company of America be apprized of the conditions attached to said policy by the service upon the said company of a copy of the order entered hereon.