ELEANOR BODEN, Respondent, *v.* LEO ARNSTEIN, as Commissioner of Welfare of the City of New York, Appellant, and ROSE SHORINSKY, as Administratrix of the Estate of HARRY SHORINSKY, Deceased, Impleaded Defendant.

Argued March 8, 1944; decided June 8, 1944.

*Ignatius M. Wilkinson, Corporation Counsel (Murray Sendler* and *James Hall Prothero* of counsel), for appellant. I. Upon the facts, fairness and equity require interpleader of the rival claimants, lest by meeting their contentions separately the defendant become liable to both. By the same token, the judgment for the plaintiff on the pleadings was inadvisedly granted. (*Rosen* v. *Equitable Life Assurance Society,* 263 App. Div. 1015, 289 N. Y. 333; *Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281.) II. The present case is not a contest over insurance proceeds as such. These funds lost that character when they passed into the possession of the defendant and were applied in part to the extinguishment of a debt. But from the viewpoint of the administrator they are life insurance proceeds accruing to the estate, in default of a named beneficiary; or accruing to her as wife or as administratrix under such a statute as Insurance Law, section 161. (*Davis* v. *Modern Industrial Bank,* 279 N. Y. 405; *Lahey* v. *Lahey,* 174 N. Y. 146; *Schoenholz* v. *New York Life Ins. Co.,* 234 N. Y. 24; *Hirsch* v. *Mayer,* 165 N. Y. 236; *Jackson* v. *Tallmadge,* 246 N. Y. 133; *King* v. *Van Vleck,* 109 N. Y. 363; *Sharp* v. *Rose,* 49 N. Y. S. R. 420, 139 N. Y. 652.) III. The claims of the impleaded defendant, whatever their

merit, are difficult for the defendant to oppose, through ignorance of the facts. (*Matter of O'Neill,* 143 Misc. 69; *Weisman* v. *Metropolitan Life Insurance Co.,* 7 N. Y. S. 2d 565, 256 App. Div. 914; *Matter of Robus,* 263 App. Div. 1053.)

*Simon A. Pode* and *Philip Weiss* for respondent. I. The Appellate Division properly granted judgment on the pleadings against defendant-appellant because said defendant's answer admitted all the material allegations of the complaint and did not show sufficient basis for interpleader. (*Pouch* v. *Prudential Ins. Co.,* 204 N. Y. 281; *Rosen* v. *Equitable Life Assurance Society,* 289 N. Y. 333.) II. The hazard which the defendant-appellant is to be protected against is the hazard of double liability and not the hazard of the inconvenience and expense of defending a baseless law suit. (*Koninklijke Lederfabriek* v. *Chase National Bank,* 177 Misc. 186, 263 App. Div. 815.) III. The provisions of section 161 of Insurance Law are not applicable.

LEHMAN, Ch. J. In August, 1942, an application made to the Department of Welfare of the City of New York for home relief by the plaintiff and one Harry Miller was granted by the Commissioner of Welfare. At that time the plaintiff was the named beneficiary in a rider " to be attached to " a certificate issued to Harry Miller by Equitable Life Assurance Society of the United States under a group policy on the life of a number of employees of Borden's Farm Products Co., including Harry Miller and insuring the life of Harry Miller in the sum of Three Thousand Dollars. In accordance with the rules and regulations of the Department of Welfare, Harry Miller and the plaintiff were requested to effect a change of beneficiary of the policy of life insurance by designating the Department of Welfare as the beneficiary. The change was effected " with the understanding that the Department of Welfare would retain out of the proceeds of the said insurance a sum sufficient to reimburse the said Department of Welfare for any and all indebtedness and obligations, due or becoming due from the plaintiff and Harry Miller, also known as Harry Boden, to the said Department of Welfare and that the said Department of Welfare would repay any balance remaining to Eleanor Boden the plaintiff herein."

Harry Miller died on November 24, 1942. The Department of Welfare collected and received from the Equitable Life Assurance Co., the sum of $3,010.86 representing the proceeds of the insurance policy. In accordance with the " understanding " when the change of beneficiary was effected, the Department of Welfare has a right to retain the sum of $775.25. The plaintiff in this action seeks to recover the balance of the proceeds of the policy after the Department has been reimbursed for the moneys expended by it for home relief for plaintiff and Harry Boden, otherwise known as Harry Miller.

These facts are not disputed. They are alleged in the complaint. They are not denied by the defendant and they are affirmatively realleged in the answer by the defendant in what is denominated " a first separate and distinct defense to the cause of action alleged in the complaint ". The Department does not claim that it may retain as its own the balance of the proceeds of the policy after deducting the sum of $775.25, concededly due to it. The Department has refused to pay that balance to the plaintiff only because another claim has been made upon it for these proceeds by one Rose Shorinsky " as the administratrix of the estate of said Harry Boden, also known as Harry Miller." She claims, too, that she was the legal wife of the insured and originally named as the beneficiary in the certificate issued to Boden under the group policy of insurance. In his answer the defendant offers to deposit in court the balance of the proceeds he now holds for the benefit of the person entitled thereto so that the two claimants may " litigate between themselves their respective rights or claims to the balance of the moneys due under the certificate of insurance ";

The defendant moved in the pending action for an order interpleading Rose Shorinsky individually and as administratrix in accordance with the provisions of article 28 of the Civil Practice Act. The plaintiff moved on the same day for judgment on the pleadings. At Special Term the defendant's motion was granted and, in consequence, the plaintiff's motion for judgment denied. The order denying the plaintiff's motion for judgment on the pleadings was reversed by the Appellate Division and the motion was granted. The defendant has appealed to this court from the judgment in favor of the plaintiff for the

amount demanded in the complaint which was entered upon the order of the Appellate Division. The sole question presented in this case, both in the courts below and in this court, is whether the defendant has shown " not only that he is ' indifferent between the claimants ' but also that he is ' ignorant or in doubt which is the rightful one, and is in real danger or hazard by means of such doubt from their conflicting claims.' " (*Rosen* v. *Equitable Life Assurance Society*, 289 N. Y. 333, citing *Pouch* v. *Prudential Ins. Co.*, 204 N. Y. 281.)

The Department, as the named beneficiary of the policy insuring the life of Harry Miller, has legal title to the proceeds of the policy. Since, however, the Department was named as beneficiary upon the understanding that it would retain out of the proceeds only a sum sufficient to reimburse it for advances made to the plaintiff and to the insured it holds the balance for the benefit of the person entitled to it. The claims of the plaintiff and of the administratrix for the balance are based on equitable considerations. (See *Hirsch* v. *Mayer*, 165 N. Y. 236.) The claim of the plaintiff is that in accordance with the understanding of the parties when defendant was named as beneficiary, the defendant holds that balance in trust for her. The defendant does not contend that the plaintiff has no equitable right to that balance. The Commissioner contends only that the administratrix of the decedent has a claim based upon conflicting equitable considerations sufficiently persuasive that he cannot without hazard decide between the claimants and pay to either the money he holds. The plaintiff does not contend, and cannot contend, that the Department of Welfare may be liable to her upon any contractual obligation if the administratrix of the estate of the decedent can establish a superior equitable right to the fund held by the defendant. She does not, and cannot upon this appeal, contend that the administratrix is not the legal wife of the insured and is not entitled to administration of his estate. Judgment has been granted in plaintiff's favor only because it is said that though that be true, the adverse claim of the administratrix is so patently without substance that the defendant can reject it without risk that in an independent action brought by the administratrix she may be able to establish a right to the fund.

We think that upon the pleadings in this case the plaintiff's right is not so conclusively established. Section 161 of the Insurance Law which is applicable to group life insurance policies and certificates, provides in part that "if there is no designated beneficiary as to all or any part of the insurance at the death of the insured, then the amount of insurance for which there is no designated beneficiary shall be payable to the estate of the insured". If the Department of Welfare had been named as beneficiary in place of the plaintiff without any understanding that upon the death of the insured the balance of the proceeds, after the defendant was reimbursed, would be paid to the plaintiff, then certainly the claim for the balance made by the estate of the insured could not have been rejected without evident hazard. The "understanding" that the proceeds should be paid to the plaintiff does not wholly remove that hazard. Upon this appeal we must assume the truth of the allegation of the answer that the plaintiff represented that she and the said Harry Boden were husband and wife and that the two minor children were her children and the children of her said husband. If such representation was in fact made and was false, that falsehood in connection with other circumstances that might appear at a trial might weaken the equitable foundations of the plaintiff's claims. The relative weight of the equitable claims of the plaintiff and of the administratrix of the estate of the deceased cannot be appraised by the defendant without hazard nor, in our opinion, can the courts determine the validity of these conflicting claims in the absence of the administratrix.

For these reasons the judgment of the Appellate Division should be reversed, without costs, and the order of Special Term denying the plaintiff's motion for judgment should be affirmed.

LOUGHRAN, LEWIS, CONWAY and DESMOND, JJ., concur; RIPPEY and THACHER, JJ., taking no part.

Judgment accordingly.