**PAINTER et ux. v. CAMPBELL.**

Civ. No. 4874.

United States District Court
N. D. Texas, Dallas Division.
March 2, 1953.

6. 189 Misc. 237, 70 N.Y.S.2d 55.

7. Note 4, supra.

504

Turner, Rodgers, Winn, Scurlock & Terry, Storey, Armstrong & Steger, Dallas, Tex., for plaintiffs.

Harold H. Bacon, Sp. Asst. to Atty. Gen., Frank Potter, U. S. Atty., Fort Worth, Tex., for defendant.

ATWELL, Chief Judge.

Stipulated facts are as follows:

Any recovery awarded the Plaintiffs herein should be reduced to the sum of $3,052.84 with interest at 6% from January 15, 1952 because of correction of minor unrelated determinations of deficiency in the tax liability of the plaintiffs, to which they did not object in conferences with representatives of the Bureau of Internal Revenue.

The said plaintiff, W. H. Painter, is the Vice-President and Secretary of United Fidelity Life Insurance Company (hereinafter called United Fidelity) and has been an employee of the company for thirty-one years. The plaintiffs filed 1948 and 1949 income tax returns with the defendant within the time prescribed by law and on those returns included as compensation from United Fidelity salary and bonuses received by W. H. Painter in the amounts set forth in Exhibits 1 and 1A attached hereto. Plaintiffs did not include sums received by W. H. Painter from United Fidelity in the form of checks handed to him at company Christmas parties in 1948 and 1949. Those sums are set forth in Exhibit 1. The plaintiffs did not include

those sums because they understood them to be gifts rather than compensation. Their conclusions were based upon representations made by United Fidelity at the time the checks were handed out, said representations being made orally or in the form of a letter, a copy of which is set forth as Exhibit 2 attached hereto.

On January 8, 1951, Internal Revenue Agent Hugh O. Mussina completed an audit of the plaintiffs' 1948 and 1949 income tax returns and proposed the assessment of a deficiency based upon the inclusion of the sums received at Christmas 1948 and 1949 in gross income as compensation from plaintiff's employer. On May 18, 1951, the Commissioner of Internal Revenue notified the plaintiffs of the proposed deficiency and afforded them the opportunity of administrative review, by filing of a Protest. A Protest was filed on June 18, 1951, and subsequent thereto conferences were held with a Bureau Conferee. The Conferee declined to accept the contention of the plaintiffs that the sums received at Christmas from United Fidelity were gifts. The administrative review was terminated, the proposed deficiencies were assessed and paid by the plaintiffs on January 15, 1952 and on February 3, 1952 claims for refund were filed. Those claims were informally denied on April 8, 1952 and this action was instituted by the filing of the Complaint on October 31, 1952.

The employer, United Fidelity, has distributed sums to its employees at Christmas time since 1925. In the year 1945 it requested an opinion of its counsel as to whether the distributions it was making to its employees at Christmas time could be considered by the employees to be gifts or whether they should be considered by the employees to be compensation. Counsel furnished an opinion informing United Fidelity that the sums could be gifts if it was the intention of United Fidelity to make gifts and if United Fidelity complied with certain mechanical requirements in affecting the distributions. Those requirements included approval by the stockholders of the distribution, the charge of the distributions to surplus rather than expenses and the making of a statement to

the employees at Christmas time that the distribution was a gift. United Fidelity acted on the advice of counsel and complied with the suggestions, as evidenced by the letter forming Exhibit 2 attached hereto and Exhibits 3, 4, 5, 6 and 7 (extracts of Minutes of the Executive Committee, the Board of Directors and the Stockholders Meetings. In 1950 United Fidelity again inquired of its counsel whether its conduct in making distributions to employees at Christmas constituted the making of a gift or compensation and counsel replied that continued compliance with the recommendations made in 1945 would constitute the best evidence of intention to effect gifts.

During the period 1946 through 1949, United Fidelity had a bonus plan in effect under which the plaintiff was a participant. That bonus plan was terminated in 1949 when increases in all salaries were substituted.

In addition to the above stipulation were exhibits showing the exact amounts, designated as "salary," "bonus," and "gifts," for the plaintiffs and twelve other employees for the years 1946, 1947, 1948, 1949, 1950, and 1951.

Another exhibit to the stipulation showed totals of "salaries," "bonuses," and, "gifts," for the same years. Such totals were respectively: $191,359.91; $233,089.-53; $225,255.95; $268,815.86; $296,467.52, and $312,923.78.

The "bonuses" in each year were much less than the alleged "gifts," and the "salaries" were much larger than both the "gifts" and "bonuses" combined.

In 1950 the "bonuses" were discontinued for that and the subsequent year.

Exhibit No. 2 to the stipulation, reads as follows:

December, 23, 1949.

"To The Employees:

"Realizing that each of you has had an important part in the fine record the Company has made this year, the stockholders and directors are happy to authorize this special Christmas gift to you.

"Due to the nature of our business, it is unusually hard to determine profits during the year, as income and expense fluctuate from month to month. For this reason, it is impossible to work out a bonus plan.

"Therefore, the stockholders and directors do not want you to consider this check as a bonus, but rather as a Christmas gift from the Company to you.

"In our business, each year speaks for itself and a successful year is dependent on the best efforts of every single one of you. Thus the stockholders and directors determine each year whether or not the Company should make such gifts at Christmas time. We are sure that during the coming new year you will put forth your best efforts to make 1950 the outstanding year in the history of United Fidelity.

"We wish for each of you a very merry Christmas and a happy holiday season."

The United Fidelity Life Insurance Company adopted a resolution, at the suggestion of its attorneys, upon request, on December 15, 1948, wherein the stockholders and directors, as well as the Executive and Investment Committee announced:

"The subject of a Christmas gift for the employees of the company was discussed in detail by the committee, and, upon motion, duly seconded, it was unanimously resolved:

"1. That the Company give to each of its employees a special Christmas gift at the holiday season in varying amounts based upon the time each employee has been with the Company and aggregating approximately $16,-000.00, as shown by a schedule of the proposed gifts;

"2. That none of the gifts be charged to the operating expense of the Company, but charged to surplus account; and

"3. That each employee be informed at the time his check is delivered to him that such check is a gift to him from the stockholders of the Company.

"The Resolution was adopted unanimously by the Committee and the Secretary was instructed to so notify the Board of Directors of their action and to instruct them to have the Company make and issue checks to the persons, and in the amounts, shown on the schedule accompanying the Resolution."

It is also provided in another Resolution that none of such gifts should be charged to the operating expense of the Company, but to the surplus account.

In addition to the above stipulation and the exhibits thereto, I find that the employer begun to figure, in November of each year, after the gift thought matured, what amount would be coming to the respective employees. That this was based upon service, salary, and length of employment.

I also find that at the Christmas time when these gratuities were handed out, it was announced that such gratuities must not be expected at the coming of each Christmas.

As a conclusion of law, I am persuaded that these "gifts," so-called, were, in fact, bonuses, or, additional wages, and that this method was taken in order to save the recipients from the payment of income taxes thereon. The idea was carefully thought out, but there are too many indications that the effort would be unsuccessful in that direction.

The services of the plaintiff Painter, as well as the others, motivated the payment and the letter which was delivered with the gratuity points out, more or less specifically, just what services were thought entitled such recipient to additional compensation.

The wording of such letter speaks louder than the attempt to circumvent the legislative desire that income tax shall be an universal, and fairly assessed against the earnings of each individual. Therefore, a bestowal of money cannot be both a gift and a payment of compensation. That is substantially the language used by the Supreme Court in Bogardus v. Commissioner, 302 U.S. 34, 58 S.Ct. 61, 82 L. Ed. 32. The intent is that all receipts whatever that come because of labor and service, whether payment is compelled or not, shall be taxed as arising from labor. See Bass v. Hawley, 5 Cir., 62 F.2d 721.

It is the essential characteristic of a gift that it be a transfer without consideration, as is shown quite plainly in Noel v. Parrott, 4 Cir., 15 F.2d 669.

A past consideration is a valid exchange for present compensation. Carragan v. Commissioner, 2 Cir., 197 F.2d 246.

The question of the employer deciding not to deduct the payment as a salary expense is treated in Nickelsburg v. Commissioner, 2 Cir., 154 F.2d 70. That matter is not controlling.

See page 254, Vol. 47 C.J.S., Internal Revenue, § 124, for a further aggregation of authorities which sums up the matter in this apparently correct nutshell, to wit: "There is a presumption that a payment by an employer to an employee in addition to the agreed compensation is payment of compensation which constitutes taxable income to the employee." That is supported by Poorman v. C. I. R., 9 Cir., 131 F.2d 946; Willkie v. C. I. R., 6 Cir., 127 F.2d 953, certiorari denied, 317 U.S. 659, 63 S.Ct. 58, 87 L.Ed. 530; Walker v. C. I. R., 1 Cir., 88 F.2d 61; Commissioner of Internal Revenue v. Bonwit, 2 Cir., 87 F.2d 764, certiorari denied Bonwit v. Helvering, 302 U.S. 694, 58 S. Ct. 13, 82 L.Ed. 536.

Judgment must go for the defendant.