ADAM W. MALES, Appellant, v NEW YORK LIFE INSURANCE COMPANY et al., Respondents.

Third Department, May 8, 1975

*Evariste G. Lavigne, Jr.,* for appellant.

*Mendes Hershman* for New York Life Insurance Company, respondent.

*Raymond E. Marinelli (Thomas W. Keegan, pro se,* of counsel), for Thomas W. Keegan, respondent.

GREENBLOTT, J. In 1936 and 1937 the defendant New York Life Insurance Company (hereinafter New York Life) issued two whole life insurance policies insuring the life of the plaintiff. The plaintiff's wife, Florence Males, was listed as the beneficiary on the first policy, while the plaintiff's estate was listed as the beneficiary of the second policy. In 1942 the plaintiff executed a trust agreement by which New York Life was appointed trustee to receive the proceeds of both insurance policies and to pay them in installments to the plaintiff's wife as beneficiary of the trust. The trust agreement provided that if the policies were assigned by the plaintiff, the trust would be revoked.

In 1953 the plaintiff assigned both policies to the First Trust Company of Albany (now Bankers Trust Company) as collateral for a loan. On October 1, 1953 New York Life changed the "Register of Change of Beneficiary" to indicate that the trust agreement was revoked, apparently a unilateral act on the part of the insurance company brought about because of the assignment of the policies. Since there is still a balance due on the plaintiff's loan, Bankers Trust Company continues to hold both insurance policies as security.

On February 9, 1972, the plaintiff filed a petition in bankruptcy listing his two life insurance policies as exempt property pursuant to section 166 of the Insurance Law. The trustee in the bankruptcy proceeding obtained an order to show cause in the Bankruptcy Court as to why he should not be vested with all the plaintiff's interests in the two policies. That proceeding, however, was apparently adjourned indefinitely. Plaintiff then commenced the instant action in Supreme Court seeking in his first cause of action a declaratory judgment decreeing that the assignments executed to Bankers Trust Company did not revoke the trust agreement since the assignment was for collateral only, and that Florence Males is

the lawful beneficiary of the proceeds of the insurance policies.[1] The defendants contend that the assignment of the policies as collateral revoked the trusts and since there is no named beneficiary, the plaintiff's estate would become the beneficiary and the policies would not be protected by section 166 of the Insurance Law. Both parties moved for summary judgment.

The trial court agreed with the defendants and dismissed the plaintiff's first cause of action holding that the assignment of the policies to Bankers Trust Company revoked the trust.[2] Thus, the issue before us is whether the two insurance policies should be included in the bankrupt's estate. Subdivision 1 of section 166 of the Insurance Law provides: "If any policy of insurance has been or shall be effected by any person on his own life in favor of a third person beneficiary, or made payable, by assignment, change of beneficiary or otherwise, to a third person, such third person beneficiary, assignee or payee shall be entitled to the proceeds and avails of such policy as against the creditors, personal representatives, trustees in bankruptcy and receivers in state and federal courts of the person effecting the insurance." Thus, an insurance policy with a named beneficiary is deemed to be exempt property in a bankruptcy proceeding (see, also, US Code, tit 11, § 24).

The trust agreement between the plaintiff and New York Life provided in part: "If there shall be any subsequent change in the beneficiary or in the manner of payment of any Policy covered by this Trust, of if any Policy covered by this Trust shall be surrendered by me for its cash surrender value, or *shall be assigned by me* and said assignment or written notice thereof be filed with the Company at its Home Office, then and in such case, such change, surrender or assignment shall constitute a revocation of this Trust with respect to such Policy" (emphasis added). If there had been no assignment of the policies as collateral, the plaintiff's two policies would be exempt property in the bankruptcy proceeding even though they were held in trust for the plaintiff's wife (see *Matter of Bosak,* 12 F Supp 278).

It is the plaintiff's contention that the assignment of the

---

1. The plaintiff alternatively sought a reformation of the two policies to provide for Florence Males to be the named beneficiary of the policies.

2. The court, however, denied summary judgment as to the alternative cause of action for reformation on the ground that there was insufficient evidence presented on that issue.

policies to Bankers Trust Company as collateral security did not revoke the trust agreement, making a distinction between an abolute assignment and an assignment for collateral security (see 30 NY Jur, Insurance, § 899). In *Griffey v New York Cent. Ins. Co.* (100 NY 417) the Court of Appeals held that a restriction against assignment applied only to an absolute assignment and that a provision in a fire insurance policy precluding assignment did not effect a cancellation of the policy when it was assigned as collateral security for a loan. The trial court refused to follow *Griffey (supra)* on the ground that the issue in this case involved revocation of the trust agreement rather than a revocation of the policy itself.

We do not agree. If there had been an absolute assignment to a third party, the trust would have been revoked but, in our view, an assignment of an insurance policy as collateral security does not divest the insured or the beneficiary of their general interest in the policy, but merely creates a lien in favor of the assignee to the extent of the debt owed. Once the debt has been paid, the insurance policy continues in effect as if there had been no assignment. Moreover, if the insured dies prior to the repayment of the loan, the beneficiary of the policy and not the estate of the insured would be entitled to that portion of the insurance proceeds which exceeds the debt *(Hirsch v Mayer,* 165 NY 236; *Matter of Yaeger,* 21 F Supp 324; 30 NY Jur, Insurance, § 899). Furthermore, the right of Bankers Trust Company to collect the insurance proceeds does not affect the manner of payment to the beneficiary of the trust since the amount of the proceeds in excess of the debt would be paid to the trustee who would then administer the trust in favor of the plaintiff's wife. While the amount of the corpus of the trust might be affected, the installment method in which the proceeds are to be paid by the trustee to the beneficiary would not be affected.

The order should be reversed, on the law, with costs, and summary judgment should be granted in favor of plaintiff on his first cause of action, and New York Life Insurance Company should be declared to be trustee for the benefit of Florence Males of the insurance policies subject to the interest of Bankers Trust Company.

HERLIHY, P. J., SWEENEY, KANE and REYNOLDS, JJ., concur.

Order reversed, on the law, with costs, and summary judgment granted in favor of plaintiff on his first cause of action,

and New York Life Insurance Company declared to be trustee for the benefit of Florence Males of the insurance policies subject to the interest of Bankers Trust Company.

