■ LAWRENCE J. PALLADINO, SR., Appellant, v METROPOLI-

TAN LIFE INSURANCE COMPANY et al., Respondents.—Yesawich Jr., J. P. Appeal from an order of the Supreme Court (Bradley, J.), entered October 16, 1991 in Ulster County, which granted defendants' motion to dismiss the complaint for lack of standing.

Defendant Metropolitan Life Insurance Company issued an insurance policy on the life of Lawrence J. Palladino, Jr. (hereinafter decedent), naming his wife, defendant Florinda Palladino, as beneficiary. In August 1990 Palladino left the marital residence, and soon thereafter decedent attempted to cancel the policy. He was advised that because the premiums had been paid in advance, the policy would remain in force until November 8, 1990, when it would lapse. Although so advised, decedent made no effort to change the beneficiary on the policy; in late October 1990 he died suddenly.

Plaintiff, decedent's father, filed a petition seeking appointment as administrator of decedent's estate. While that application was pending, plaintiff commenced the instant action seeking a judgment declaring that the policy had been canceled prior to decedent's death. After issue was joined, defendants moved to dismiss the complaint. Concluding that plaintiff lacked standing to sue, Supreme Court granted defendants' motion. Plaintiff appeals.

We affirm. Only a duly appointed personal representative may bring suit on behalf of a decedent (EPTL 11-3.1, 1-2.13). Inasmuch as letters of administration have not been issued to plaintiff, he has no standing to sue. And the fact that Florinda Palladino's attempt to have letters of administration issued to her has purportedly delayed plaintiff from receiving letters of administration does not warrant concluding otherwise.

Nor are we amenable to plaintiff's plea to have payment of the insurance proceeds stayed until his application for letters is resolved. To maintain an action, a plaintiff must show an actual legal stake in the matter being adjudicated (Society of Plastics Indus. v County of Suffolk, 77 NY2d 761, 772-773; Klein v Trout Lake Preserve Homeowners' Assn., 179 AD2d 967, 968). That clearly will not be the case here even if plaintiff is eventually appointed administrator, for insurance proceeds payable to named beneficiaries are not considered estate assets (Males v New York Life Ins. Co., 48 AD2d 50, 53), and the relief sought, a declaration that the insurance contract was canceled prior to decedent's death, serves neither to increase the estate's assets nor to decrease its liabilities. Hence, no conceivable benefit can accrue to the estate from

this lawsuit (see, Cyrenius v Mutual Life Ins. Co., 145 NY 576, 578-579).

Inasmuch as Florinda Palladino's request for the imposition of sanctions, pursuant to 22 NYCRR part 130, is one of several counterclaims, a decision on that matter is best deferred until the other counterclaims are resolved.

Levine, Mercure, Mahoney and Harvey, JJ., concur. Ordered that the order is affirmed, with costs.