## CANNON v. NICHOLAS, Collector of Internal Revenue (two cases).

### Nos. 10467, 10468.

District Court, D. Colorado.

April 16, 1935.

Wilbur F. Denious, Hudson Moore, and Dayton Denious, all of Denver, Colo., for petitioners.

Thomas J. Morrissey, U. S. Atty., and Ivor O. Wingren, Asst. U. S. Atty., both of Denver, Colo., for defendant.

SYMES, District Judge.

Two petitions filed in this court seek to quash warrants of distraint issued by the collector of internal revenue for the district of Colorado for the collection of unpaid income tax assessment for the year 1928, against one H. Brown Cannon, and under which he has levied upon and advertised for sale certain insurance policies taken out by said Cannon on his life. Margaret R. Cannon, beneficiary under a policy issued by the Capitol Life Insurance Company on the life of said Cannon, as insured, is petitioner in No. 10467. H. Brown Cannon, as the insured in a Travelers' Insurance Company annuity contract payable to him during his, life, his executors, administrators, or assigns, beneficiaries, is petitioner in No. 10468. The correctness of the assessment cannot be, and is not, questioned in these proceedings. By agreement the two cases were argued and submitted together.

The policies reserve to the insured the right to change the beneficiaries, and he has likewise the right to borrow thereon, to surrender and collect their cash surrender value, or forfeit them by nonpayment of premiums. The contention made is that the policies in question are the property of the beneficiaries and not subject to seizure and sale under warrants of distraint directed against the insured. This is so, it is argued, because of a Colorado statute (Session Laws Colo. 1929, c. 113, p. 408), the material part of which provides: "If a policy of insurance, whether heretofore or hereafter issued, is effected by any person on his own life or on another life, in favor of a person other than himself, or, except in cases of transfer with intent to defraud creditors, if a policy of life insurance is assigned or in any way made payable to any such person, the lawful beneficiary or assignee thereof, other than the insured or the person so effecting such insurance, or his executors or administrators, shall be entitled to its proceeds and avails against the creditors and representatives of the insured and of the person effecting the same, whether or not the right to change the beneficiary is reserved or permitted, and whether or not the policy is made payable to the person whose life is insured if the beneficiary or assignee shall predecease such person."

Chase Nat. Bank v. United States, 278 U. S. 327, 49 S. Ct. 126, 73 L. Ed. 405, 63 A. L. R. 388, concerns a tax on the transfer of the net estate of decedents under the Revenue Act of 1921. The Supreme Court held the tax valid against the estate of a decedent who had procured policies on his life payable to others, reserving to himself the right

to change the beneficiaries, and upon which he paid the premiums. The court used this language, which is pertinent in the instant case (278 U. S. 327, 335, 49 S. Ct. 126, 127): "A power in the decedent to surrender and cancel the policies, to pledge them as security for loans and the power to dispose of them and their proceeds for his own benefit during his life which subjects them to the control of a bankruptcy court for the benefit of his creditors * * * is by no means the least substantial of the legal incidents of ownership."

In the instant case, the insured retained these incidents of ownership. They are assets of real value, and constitute the insured the owner of the policies during his lifetime, a conclusion that, according to Chase Nat. Bank v. United States, supra, is not affected by the fact that the proceeds of the policies upon the death of the insured are not paid by the decedent. Furthermore, the interest of the beneficiary at the present time is not vested, but contingent only, and subject to be divested, at any time before death, by the insured. All this, coupled with the fact that the beneficiary has paid no consideration, forces the conclusion that she has no standing in this controversy while the insured is living.

The power of the federal government to tax is practically unlimited, and of course cannot be affected by a state exemption statute, the enactment of which presupposes that the insured has a property interest under the policies that otherwise would be subject to claims of creditors; so unless this state statute creates a rule of property in favor of the beneficiary, the petitioner must fail.

In McGuirk v. Kyle (D. C. E. D. Pa.) 10 F. Supp. 705, decided November 28, 1934, under a statute of Pennsylvania substantially the same as here, the question was whether a policy of insurance having a cash surrender value, with the right to change the beneficiary reserved, was subject to distraint for payment of insured's income tax. Likewise, the question was whether the statute was an exemption statute or established a rule of property. The court held that "under the laws of Pennsylvania the monies in question are the property of the beneficiary and not subject to any execution process against the husband," and not subject to distraint or execution process against the insured.

I cannot follow the reasoning of that case, as it would seem such a statute became operative only when the beneficiary's interest in the property became absolute through death, and not while merely contingent. Certainly such a statute cannot affect the right of the insured to change the beneficiary, and from that view it does not affect ownership, but merely affords protection against creditors. Therefore, until adopted or recognized by Congress, it is inapplicable to proceedings such as we have here.

A case in point, and which seems to have been correctly decided, is McKelvy et al. v. Commissioner of Internal Revenue, decided by the United States Board of Tax Appeals, docket No. 73320, promulgated January 31, 1935, in which it is held the commuted value of amount receivable by the beneficiaries under life insurance policies which the insured had until death the right to surrender and the right to borrow were part of the insured's gross estate.

The petitions to quash the warrants of distraint should be denied and exceptions allowed. It is so ordered.