**CANADAY v. GUITTEAU, Collector of Internal Revenue.**

Nos. 7058, 7059.

Circuit Court of Appeals, Sixth Circuit.

Nov. 13, 1936.

George W. Ritter, of Toledo, Ohio, for appellant.

William B. Waldo, of Washington, D. C. (Frank J. Wideman, J. Louis Monarch, and J. Leonard Lyons, all of Washington, D. C., Emerich B. Freed, of Cleveland, Ohio, Gerald B. Openlander, of Toledo, Ohio, and William B. Waldo, of Washington, D. C., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and FORD, District Judge.

FORD, District Judge.

This appeal is from a judgment dismissing appellant's petition by which he sought to recover certain federal income taxes paid for the years 1927, 1928, and 1929, on account of deficiency assessments by which certain premiums on appellant's life insurance policies paid during those years by the United States Advertising Corporation, of which he was president and a large stockholder, were treated as income to him and so taxed.

Prior to July 11, 1927, upon his own application, appellant procured to be issued certain insurance policies upon his life, upon which the corporation paid the premiums from the beginning.

On July 11, 1927, the appellant and the corporation entered into a written agreement with designated trustees, under the terms of which all of the policies upon the life of appellant were placed in trust, and the corporation agreed and obligated itself to pay the annual premiums on some of them. By the terms of the trust thereby created, the proceeds, to be de-

rived from the appellant's life insurance policies, are first to be paid to Ward M. Canaday, Inc. (a corporation which holds all the common stock of United States Advertising Corporation and in which the appellant is largely interested through stock ownership), according to a schedule providing increasing amounts, apparently corresponding to the increase of premium payments, as the years pass. The remaining proceeds are to be held for the use and benefit of the appellant's wife and daughter during their respective lives; then to the issue of the daughter, if any, and, if none, to the brothers of the appellant, with the provision that, under certain remote contingencies, the trust is to be administered for certain educational purposes.

However, the absolute power and right of the appellant to impose his will upon the use of the trust property is preserved by an express provision of the agreement reserving to him the right to change the beneficiaries at his pleasure and the unlimited right to terminate the agreement and abolish the trust, thereby created, at any time he may choose to do so.

None of the reserved rights were exercised by the appellant during the years here in question.

The United States Advertising Corporation paid the premiums, as agreed, during the years 1927, 1928, and 1929, and in filing its income tax returns for those years it claimed and was allowed to deduct its payments as ordinary and necessary business expenses. These premium payments are the subject of this litigation.

It is the contention of appellant that, under the facts above set out, he had no property rights in the policies referred to during the years in question and that, since he failed to exercise any of the rights reserved to him thereunder, he received nothing of value as the result of the investment of capital, labor, or a combination of both; that he received no benefit under the insurance policies; that there was no gain or profit to him, and, hence, the premiums are not taxable to him as income within the meaning of the Revenue Acts of 1926 and 1928 (44 Stat. 9, and 45 Stat. 791), which governed the imposition of federal taxes upon the income of individuals during those years.

In the case of Burnet v. Wells, 289 U.S. 670, 679, 680, 53 S.Ct. 761, 764, 77 L.Ed. 439, it is said: "A policy of life insurance is a contract susceptible of ownership like any other chose in action. * * * One who takes out a policy on his own life, after application in his own name accepted by the company, becomes in so doing a party to a contract, though the benefits of the insurance are to accrue to some one else. * * * The rights and interests thereby generated do not inhere solely in those who are to receive the proceeds. They inhere also in the insured who in co-operation with the insurer has brought the contract into being. * * * The contracts remain his, or his at least in part, though the fruits when they are gathered are to go to some one else."

In the case of Douglas v. Willcuts, 296 U.S. 1, 9, 56 S.Ct. 59, 62, 80 L.Ed. 3, 101 A.L.R. 391, the court said: "We have held that income was received by a taxpayer, when, pursuant to a contract, a debt or other obligation was discharged by another for his benefit. The transaction was regarded as being the same in substance as if the money had been paid to the taxpayer and he had transmitted it to his creditor. Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 49 S.Ct. 499, 73 L.Ed. 918; United States v. Boston & Maine Railroad, 279 U.S. 732, 49 S.Ct. 505, 73 L.Ed. 929. See, also, United States v. Mahoning Coal R. Co. (C.C. A.) 51 F.(2d) 208. The creation of a trust by the taxpayer as the channel for the application of the income to the discharge of his obligation leaves the nature of the transaction unaltered."

Nothing appears in the record to show that the United States Advertising Corporation received or expected to receive any benefits from the insurance policies which its payments preserved and kept alive. In making the payments for the years in question, the corporation simply fulfilled its contractual obligation entered into on July 11, 1927. It charged the expenditures so made to ordinary business expenses. Clearly, the fulfillment of its contractual obligation was not a gift. Nor do the circumstances here disclosed bear any analogy to those cases in which the employer takes out group insurance for the benefit of his employees, regarding such an investment as beneficial to himself in the way of increased efficien-

cy arising from the consciousness of security and contentment thereby created in the minds of his employees.

The judgment of the District Court, holding that the premiums paid were in the nature of compensation to the appellant for his services and constituted income properly taxable to him, is fully supported by the facts disclosed in the record. Yuengling v. Commissioner (C. C.A.) 69 F.(2d) 971.

Judgment affirmed.