**GOLDSTEIN'S ESTATE et al.**
v.
**UNITED STATES.**
No. 50270.

United States Court of Claims.
July 13, 1954.

Alfred Cerceo, Washington, D. C., for plaintiffs.

Elizabeth B. Davis, Washington, D. C., H. Brain Holland, Asst. Atty. Gen., Andrew D. Sharpe, Washington, D. C., on the brief, for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER, MADDEN and LARAMORE, Judges.

MADDEN, Judge.

The plaintiffs are the executrix and executor, respectively, of the estate of Louis Goldstein, who died in 1945. A federal estate tax return was filed and the tax shown by the return to be due was paid. The taxing authorities asserted that there was a deficiency based, so far as here material, upon the failure to include in the gross estate of the decedent the proceeds of three policies of life insurance amounting to $82,970.-64. The deficiency was paid, a claim for refund was filed and rejected, and this suit was brought.

The three insurance policies were issued on July 13, 1939, on the application of the decedent. The decedent filed amendments to his applications which said:

"I agree to this policy being issued with ownership and the privilege to change the beneficiary vesting in the beneficiary, except that during the lifetime of Louis Goldstein, the insured, his written consent must first be obtained."

When the policies were issued, each contained the following typewritten provision:

"Section A

"Beneficiary and Ownership Provisions

"A 1. Ownership. The beneficiary herein named may exercise every right and receive every benefit reserved to the insured or the owner of the policy, including the right of assignment, and including the privilege to change the beneficiary, and may agree with the Company to any change in or amendment of the policy without the consent of the insured, except that during the lifetime of Louis Goldstein, the insured, his written consent must first be obtained."

In two of the policies it was provided that the net sum payable upon the death of the insured should be paid to Frances Figler, the insured's daughter, "her executors, administrators, or assigns." A similar provision, naming Lillian Furst as the beneficiary, was contained in the third policy.

All of the premiums on the three policies were paid by the decedent. No attempt was ever made, prior to the decedent's death, by either of the beneficiaries, to exercise any of the rights mentioned in the policies.

Section 811 (g) (2) (B) of the Internal Revenue Code, 26 U.S.C.A. § 811(g) (2)(B) provides that there shall be included in the gross estate of the decedent, for estate tax purposes, the amount receivable by a beneficiary of an insurance policy upon the life of the decedent.

"with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person."

Treasury Regulations 105, promulgated under the Internal Revenue Code, at Section 81.27 [as amended by T.D. 5239, 1943 Cum.Bull. 1081, 1092, 1093, 1094] provides that the term "incidents of ownership" as used in the above section is not confined to ownership in the technical legal sense. The Regulation further says:

" * * * Incidents of ownership in the policy include, for example, the right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy," etc.

 The statute, and the regulation, which is well within the scope of the statute, apply directly to the facts of the instant case. None of the rights exercisable under the policy could be exercised by the beneficiary without the written consent of the decedent insured. That meant that he "in conjunction with" the beneficiary, had all the incidents of ownership with respect to the policy. To say that his control was "negative" or in the nature of a veto power, does not diminish its effectiveness as an incident of ownership. It was, during his life, exactly equivalent to the control of the named beneficiary. Neither could act without the concurrence of the other. The proceeds of the policies were properly included in the decedent's estate for estate tax purposes, and the deficiency was lawfully collected.

The plaintiffs' petition will be dismissed.

It is so ordered.

JONES, Chief Judge, and LARAMORE, WHITAKER, and LITTLETON, Judges, concur.