233 F.2d 197
 COMMISSIONER OF INTERNAL REVENUE, Petitioner,
v.
ESTATE of Miran KARAGHEUSIAN, Walter J. Corno, Leila Karagheusian, and Minot A. Crofoot, Executors, Respondent.
ESTATE of Miran KARAGHEUSIAN, Walter J. Corno, Leila Karagheusian, and Minot A. Crofoot, Executors, Petitioners,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent.
 No. 252.
 Docket 23822.
 United States Court of Appeals Second Circuit.
 Argued March 13, 1956.
 Decided May 7, 1956.
 
 H. Brian Holland, Asst. Atty. Gen. (Lee A. Jackson, Robert N. Anderson, Joseph N. Goetten, Attys., Dept. of Justice, Washington, D. C., on the brief), for Commissioner of Internal Revenue.
 Richard H. Appert, Robert W. Martin, New York City (White & Case, New York City, on the brief, of counsel), for Estate of Miran Karagheusian, Walter J. Corno, Leila Karagheusian and Minot A. Crofoot, Executors.
 Before FRANK, LUMBARD and WATERMAN, Circuit Judges.
 LUMBARD, Circuit Judge.
 
 
 1
 The question at issue is whether and to what extent the proceeds of an insurance policy on the life of Miran Karagheusian who died October 7, 1948 are includible in the decedent's gross estate under § 811(g) (2) of the Internal Revenue Code of 1939.
 
 
 2
 The insurance policy which is the subject of the present litigation was issued on December 23, 1927 pursuant to an application by Zabelle Karagheusian, the wife of the decedent. It insured the life of the decedent in the amount of $100,000. All rights of ownership vested in Zabelle Karagheusian during her lifetime, then in Leila the daughter of Miran and Zabelle, during Leila's lifetime, and finally in Miran Karagheusian, his executors, administrators or assigns. On or about June 13, 1928 Zabelle entered into a trust agreement whereby the life insurance policy in question together with certain other securities was transferred to the Bankers Trust Company as trustee. On June 14, 1928 she executed an absolute assignment of the policy to the trustee. By the terms of the trust the current income was to be used first to pay the premiums on the insurance policy. Any excess income was to be paid to the income beneficiaries: Zabelle during her lifetime and Leila thereafter. After the death of the income beneficiaries the principal of the trust was to be paid to Miran Karagheusian, if still living, or to a charitable foundation.
 
 
 3
 The trust instrument, as amended in 1932, further provided that Zabelle could modify the trust or alter it in any manner or revoke it in whole or in part, with the written consent of Miran and Leila, or the survivor.
 
 
 4
 From time to time after the creation of the trust Miran and Zabelle transferred various property and securities to it. The income from property contributed to the trust by Zabelle was at all times sufficient to pay the premiums on the policy.
 
 
 5
 The Commissioner seeks to include the entire proceeds of the policy in the decedent's gross estate on the theory that he possessed at his death an "incident of ownership, exercisable either alone or in conjunction with any other person." Section 811(g) (2) (B) I.R.C.1939. The Tax Court held that the decedent did not possess an incident of ownership. It held, however, that since the premiums on the policy were paid in part out of income from property contributed to the trust by the decedent, that portion of the proceeds attributable to premiums paid by the decedent is includible in his gross estate under § 811(g) (2) (A) I.R.C.1939. From this decision both the Commissioner and the taxpayers appeal. Our disposition of the Commissioner's appeal makes it unnecessary to consider the questions raised by the taxpayers' appeal.
 
 
 6
 Section 811 of the Internal Revenue Code of 1939 reads in part as follows:
 
 
 7
 "The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *
 
 
 8
 "(g) Proceeds of Life Insurance * * *
 
 
 9
 "(2) Receivable by other beneficiaries. To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent * * * (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any other person."
 
 
 10
 Section 81.27(a) (7) of Regulation 105 provides in part as follows:
 
 
 11
 "For the purposes of this section, the term `incidents of ownership' is not confined to ownership in the technical legal sense. For example, a power to change the beneficiary reserved to a corporation of which the decedent is sole stockholder is an incident of ownership in the decedent."
 
 
 12
 The language of this regulation is taken almost verbatim from the committee reports on the Revenue Act of 1942, which added § 811(g) (2) (B) to the Code. See H.Rep. No. 2333, 77th Cong., 2nd Sess., pp. 162-63; S.Rep. No. 1631, 77th Cong., 2nd Sess., pp. 234-35.
 
 
 13
 Under these provisions of the statute and regulations we think it clear that the decedent possessed an "incident of ownership" in the insurance policy "exercisable either alone or in conjunction with any other person." He, together with his wife and daughter, could modify the trust in any manner and could therefore change the ultimate beneficiary of the insurance policy. It makes no difference whether under the trust instrument the decedent may initiate changes or whether he must merely consent to them. In either case only the three parties acting together can modify the trust. If the decedent acting with others can effectively change the beneficiary of the policy, he possesses an incident of ownership. Goldstein's Estate v. United States, 1954, 122 F.Supp. 677, 129 Ct.Cl. 264, certiorari denied 1954, 348 U.S. 942, 75 S.Ct. 363, 99 L.Ed. 737; cf. DuCharme's Estate v. Commissioner, 6 Cir., 1947, 164 F.2d 959, 962, modified 1948, 169 F.2d 76; Thorp's Estate v. Commissioner, 3 Cir., 1947, 164 F. 2d 966, 967-68, certiorari denied 1948, 333 U.S. 843, 68 S.Ct. 660, 92 L.Ed. 1126; see Paul, Federal Estate and Gift Taxation (1946 Supplement) pp. 369-70.
 
 
 14
 The Tax Court reasoned that although the decedent retained a right to alter the trust, this was not an incident of ownership in the insurance policy held by the trust. We think this distinction unsound. The regulation quoted above indicates that "incident of ownership" is not to be confined to ownership in any technical legal sense, and the example of indirect ownership through a corporation is analogous to the situation here. The decedent, acting with his wife and daughter, had the power at any time until his death to determine the ultimate distribution of the insurance proceeds. This power was an incident of ownership within the meaning of § 811(g) (2) (B) and the entire proceeds of the policy were therefore includible in the decedent's gross estate. Cf. Estate of Selznick v. Commissioner, 1950, 15 T.C. 716, affirmed 9 Cir., 1952, 195 F.2d 735; see Paul, op. cit. supra at 368-69. To hold otherwise would be to sanction tax avoidance by means of insubstantial alterations in the forms of ownership.
 
 
 15
 The judgment of the Tax Court is reversed.