**Florence G. HALL, Executrix of the Estate of Frederick A. Hall**

v.

**Whitney L. WHEELER, Director of Internal Revenue.**

**Civ. No. 5-189.**

United States District Court
D. Maine, S. D.
June 25, 1959.

Irving Isaacson, Lewiston, Me., for plaintiff.

Rufus E. Stetson, Jr., Tax Division, Dept. of Justice, Washington, D. C., Peter Mills, U. S. Atty., Elmer E. Runyon, Asst. U. S. Atty., Portland, Me., for defendant.

GIGNOUX, District Judge.

This is an action brought under 28 U.S.C.A. § 1346(a)(1) to recover the sum of $1,367.10 of Federal estate tax, with interest, alleged to have been erroneously assessed and collected from plaintiff. By agreement of the parties the matter has been submitted to the Court for decision and judgment upon the pleadings and a stipulation of facts.

The only question presented is whether or not the proceeds of a certain life insurance policy were properly included in the gross estate of plaintiff's decedent for Federal estate tax purposes pursuant to the provisions of Section 811(g)(2) of the Internal Revenue Code of 1939, 26 U.S.C.A. (I.R.C.1939) § 811(g)(2), as amended by Section 404(a) of the Revenue Act of 1942, 56 Stat. 944 (1942).

The insurance policy which is the subject of the present litigation was issued on June 5, 1940 on the application of Frederick A. Hall, plaintiff's decedent. It insured the life of the decedent in the amount of $5,000. The named beneficiary of the policy was Hall & Knight Hardware Company (hereinafter called the "Company"), a Maine corporation, of which the decedent was president. The policy reserved to ·the decedent the right to change the beneficiary, to assign the policy, to surrender or cancel the policy, to pledge the policy for a loan and to withdraw its cash surrender value.

From the date of issuance of the policy until the decedent's death on June 29, 1954, the Company retained physical possession of the policy; carried the policy on its books as a corporate asset; paid the premiums due on the policy and never credited such payments to the decedent in any way on its books. At the death of the decedent the proceeds of the policy, which amounted to $5,028.10, were paid to the Company.

Defendant subsequently determined that the proceeds of the policy should be included in the estate of the decedent and assessed additional Federal estate tax in the amount of $1,367.10 on decedent's estate, which was paid by plaintiff. Upon disallowance of her claim for refund, plaintiff instituted this action.

It is the position of defendant that the proceeds of the policy are includable in the decedent's gross estate for Federal estate tax purposes because he reserved the right to change the beneficiary and therefore possessed at his death one of the "incidents of ownership, exercisable either alone or in conjunction with any other person" within the meaning of Section 811(g)(2)(B) of the 1939 Code.

Section 811 of the 1939 Code reads in pertinent part as follows:

"§ 811. Gross Estate.

"The value of the gross estate of the decedent shall be determined by including the value at the time of his death of all property * * *

\* \* \* \* \* \*

"(g) *Proceeds of life insurance*

\* \* \* \* \* \*

"(2) *Receivable by other beneficiaries.* To the extent of the amount receivable by all other beneficiaries as insurance under policies upon the life of the decedent * * * (B) with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with· any other person * * *"

Section 81.27 (as amended by T.D. 5239, 1943 Cum.Bull. 1081, and T.D.

5699, 1949–1 Cum.Bull. 181) of Treasury Regulation 105, promulgated under the 1939 Code, provides in part as follows:

"Sec. 81.27. *Insurance Receivable by Other Beneficiaries.—*

"(a) *In case of decedent dying after December 31, 1947.*—The regulations prescribed under this paragraph (except as otherwise indicated in this section) are applicable only in the case of decedents who died after December 31, 1947. In such cases, the amount of the aggregate proceeds of all insurance on the life of the decedent not receivable by or for the benefit of his estate must also be included in his gross estate, as follows:

\* \* \* \* \* \* ·

"(2) Such insurance with respect to which the decedent possessed at his death any of the incidents of ownership, exercisable either alone or in conjunction with any person.

\* \* \* \* \* \*

"For the purposes of this section, the term incidents of ownership is not confined to ownership in the technical legal sense. \* \* \* For examples of incidents of ownership see paragraph (c) of this section.

\* \* \* \* \* \*

"(c) \* \* \*

\* \* \* \* \* \*

"Incidents of ownership in the policy include, for example, the right of the insured or his estate to its economic benefits, the power to change the beneficiary, to surrender or cancel the policy, to assign it, to revoke an assignment, to pledge it for a loan, or to obtain from the insurer a loan against the surrender value of the policy, etc. The insured possesses an incident of ownership if his death is necessary to terminate his interest in the insurance, as, for example, if the proceeds would become payable to his estate,

or payable as he might direct, should the beneficiary predecease him."

The language of this regulation is almost identical with that of the Committee Reports on the Revenue Act of 1942, which added Section 811(g) (2) (B) to the Code. See H.Rep. No. 2333, 77th Cong., 2d Sess., pp. 162–163; S.Rep. No. 1631, 77th Cong., 2d Sess., pp. 234–235 (1942).

■■ The statute and the regulation apply directly to the facts of the instant case. The policy in terms expressly reserved to the decedent the right to change the beneficiary. Such a right is conceded to be an "incident of ownership" within the meaning of Section 811(g)(2)(B). See Farwell v. United States, 7 Cir., 1957, 243 F.2d 373, 377–388; Singer v. Shaughnessy, 2 Cir., 1952, 198 F.2d 178, 181; Fried v. Granger, D.C.W.D.Pa.1952, 105 F.Supp. 564, 567–568, affirmed per curiam, 3 Cir., 1953, 202 F.2d 150. Since the decedent at no time relinquished this right or in any way assigned the policy to the Company, it follows that the decedent possessed at his death an "incident of ownership" in the insurance policy "exercisable either alone or in conjunction with any other person."

■ Plaintiff argues, however, that the reservation by deceased of the right to change the beneficiary was an inadvertent error; that the Company was intended to be, and in fact was, the true owner of the policy; and that the right to change the beneficiary was held by the decedent in trust for the benefit of the Company. See National Metropolitan Bank of Washington v. United States, 1950, 87 F.Supp. 773, 115 Ct.Cl. 396, cf. Prunier v. Commissioner, 1 Cir., 1957, 248 F.2d 818. Unfortunately for this plaintiff, the present record is barren of any evidence from which this Court could conclude that the intent of the decedent and the Company was anything other than that indicated by the terms of the policy. Plaintiff's contention raises an issue of fact. And there is not a scintilla of evidence in this record that the decedent retained the incidents of ownership of this policy through error, or that the policy did not correctly set forth the understanding between the decedent and the Company. Nor does the fact that the Company retained possession of the policy and paid the premiums require a different result. Fried v. Granger, supra, 105 F.Supp. 566. Plaintiff has wholly failed to establish facts which would bring this case within the cases upon which she relies. The burden in this respect being clearly on plaintiff, this argument must fail. Estate of Collino, 1956, 25 T.C. 1026, 1033.

However, even assuming that plaintiff's contention in the foregoing respect were sound and that the decedent could not have changed the beneficiary without the consent of the Company, it is clear that the decedent and the Company acting together could have done so at any time prior to the decedent's death. This meant that the decedent "in conjunction with" the Company had this incident of ownership with respect to this policy. If the decedent acting with another can effectively change the beneficiary of the policy, he possesses an incident of ownership "exercisable * * * in conjunction with any other person"[1] under Section 811(g) (2) (B). See Commissioner of Internal Revenue v. Estate of Karagheusian, 2 Cir., 1956, 233 F.2d 197, 199; Altshuler v. United States, D.C.W.D.Mo. 1958, 169 F.Supp. 456, 459; Goldstein's Estate v. United States, 1954, 122 F. Supp. 677, 678, 129 Ct.Cl. 264, certiorari denied, 1955, 348 U.S. 942, 75 S.Ct. 363, 99 L.Ed. 737; Bank of New York v. United States, D.C.S.D.N.Y.1953, 115 F. Supp. 375, 385.

It is the conclusion of this Court that the proceeds of the policy were properly included in the decedent's estate for Federal estate tax purposes and that the deficiency was properly assessed and collected. Judgment is accordingly ordered for defendant, with costs.

---

[1.] "Person", as used in the Code, includes a corporation. 26 U.S.C.A. (I.R.C.1939) § 3797(a) (1).