Frank M. LEE, Plaintiff,

v.

The UNITED STATES of America,
Defendant.

Civ. A. No. 4091.

United States District Court
W. D. South Carolina,
Anderson Division.

July 18, 1963.

Anderson & Doyle (Cary C. Doyle) Anderson, S. C., for plaintiff.

Louis F. Oberdorfer, Asst. Atty. Gen., Washington, D. C., Edward S. Smith, George A. Hrdlicka, Norman A. Goldin, Attys. Dept. of Justice, John C. Williams, U. S. Atty., Charles Porter, Asst. U. S. Atty., Greenville, S. C., for defendant.

WYCHE, District Judge.

The plaintiff in the above entitled action seeks the refund of federal income taxes in the amount of Three Hundred, Fifty Three ($353.00) Dollars, together with interest thereon which he alleges were erroneously and illegally assessed and collected from him for the taxable years 1958, 1959, and 1960.

The facts and issue in the above entitled action have been stipulated by counsel for the parties and are as follows:

1. This is a civil refund suit for the recovery of federal income taxes for the years 1958, 1959 and 1960, claimed in the amount of $353.00, together with interest thereon, which the taxpayer-plaintiff claims was erroneously and illegally collected from him.

2. The taxpayer herein is a resident of Anderson County, South Carolina.

3. The defendant herein is the United States of America.

4. The taxpayer has complied with all statutory, jurisdiction and procedural requirements for bringing this action.

5. The Internal Revenue Service has complied with the necessary statutory requirements for the assessment and collection of the taxes sought to be recovered herein.

6. The taxpayer is and was during each of the years 1958, 1959 and 1960 employed as a proofreader by the Independent Publishing Company, a South Carolina Corporation, located in Anderson, South Carolina.

7. In each of the years 1958, 1959 and 1960, the taxpayer received taxable wages from his employer, the Independent Publishing Company.

8. The taxpayer filed federal income tax returns for each of the taxable years 1958, 1959 and 1960, in which he reported taxable wages from his employer, the Independent Publishing Company, but he did not include in his gross income in each return the sum of $627.60 which his employer paid in each said taxable years, 1958, 1959 and 1960, to the Equitable Life Assurance Society of America, a New York Corporation, as the annual premium for each respective year on a certain policy of insurance No. 12,481,-251, issued by said Equitable Life Assurance Society on September 30, 1947, to the taxpayer upon his application. A genuine and correct copy of this life insurance policy No. 12,481,251, is attached to this stipulation as Exhibit "A" hereto.

9. Said Equitable Insurance Policy No. 12,481,251, provided for the payment of annual level premiums, the amount thereof being based upon the age of the taxpayer. The applicable annual premium payable thereunder for each of the years in suit was $627.60 rather than $558.10 as shown on the face of the policy.

10. The taxpayer caused a change, on December 5, 1947, in the beneficiary of the aforesaid insurance policy, as shown

in the "CHANGE OF BENEFICIARY REGISTER", contained on page 10 of said policy.

11. The aforesaid insurance policy was in effect and force at all times during the years 1958, 1959 and 1960.

12. The Independent Publishing Company deducted as an item of business expense on its respective federal income tax return for 1958, 1959 and 1960, the sum of $627.60 which it paid in each said year to the Equitable Life Assurance Society as the annual premium for each said year on the aforesaid insurance policy on the taxpayer's life, No. 12,481,-251.

13. Upon examination and audit of the taxpayer's returns for the years 1958, 1959 and 1960, the District Director of Internal Revenue determined that said premium payments made by the taxpayer's employer each year in the amount of $627.60 were includible in the taxpayer's gross income. On such basis, deficiencies in income tax in the amount of $353.00 were proposed, and assessed against and paid by the taxpayer. On March 6, 1962, the taxpayer timely filed claims for refund demanding the refund of said deficiency taxes in the total amount of $353.00.

ISSUE INVOLVED, Whether certain premium payments in the amount of $627.60 paid by taxpayer's employer in each of the years 1958, 1959 and 1960 on a certain policy of insurance on the life of the taxpayer are includible in the gross income of the taxpayer under Section 61(a) (1) of the Internal Revenue Code of 1954.

## CONCLUSIONS OF LAW

1. The plaintiff is a resident and citizen of the State of South Carolina; jurisdiction in this action is conferred upon this Court under the provisions of 28 U.S.C.A. § 1346(a) (1).

2. "Gross income defined. (a) General definition.—Except as otherwise provided in this subtitle, gross income means all income from whatever source derived, including (but not limited to) the following items: (1) Compensation for services, including fees, commissions, and similar items; * * *." 26 U.S.C.A. § 61.

3. "Gifts and inheritances. (a) General rule.—Gross income does not include the value of property acquired by gift, bequest, devise, or inheritance. * * *" 26 U.S.C.A. § 102.

4. Treasury Regulations on Income Tax (1954) Code, Sec. 1.61.2, provides: "Compensation for services, including fees, commissions, and similar items. * * * (d) Compensation paid other than in cash * * * (2) Property transferred to employee; insurance premiums paid by employer. * * * Generally, life insurance premiums paid by an employer on the lives of his employees, where the proceeds of such insurance are payable to the beneficiaries of such employees, are part of the gross income of the employees. However, premiums paid by an employer on policies of group term life insurance covering the lives of his employers are not gross income to the employees, even if they designate the beneficiaries. * * *"

5. The value of payments in kind as compensation must be included as income for income tax purposes. Amounts paid as premiums by an employer on life insurance policies covering the life of an employee constitute income to the employee-insured, where the employee controls the designation of the beneficiary, or even if the employer has designated the employee's wife, dependents or estate as beneficiary of the policy. Commissioner of Internal Revenue v. Vandeveer, (CA 6) 114 F.2d 719; Burnet v. Wells, 289 U.S. 670, 53 S.Ct. 761, 77 L.Ed. 1439; Commissioner of Internal Revenue v. Bonwit, (CA 2) 87 F.2d 764, cert. denied, 302 U.S. 694, 58 S.Ct. 13, 82 L.Ed. 536; Yuengling v. Commissioner of Internal Revenue, (CA 3) 69 F.2d 971; Miller v. Commissioner of Internal Revenue, (CA 4) 144 F.2d 287; Canaday v. Guitteau, (CA 6) 86 F.2d 303; Adams v. Commissioner, 18 B.T.A. 381; Danforth v. Commissioner, 18 B.T.A. 1221. The beneficiary of the policy in this case was designated by the plaintiff and the

right to change the beneficiary was reserved in the policy exclusively to the plaintiff. The beneficiary was changed by the plaintiff in December, 1947, several months after the issuance of the policy.

6. The employer in this case did not directly or indirectly own the policy or possess or share any of the rights in or insurance benefits thereunder. The policy issued and the insurance benefits arising thereunder were for the benefit of the plaintiff, and not his employer. In Miller v. Commissioner, supra, the Court of Appeals for the Fourth Circuit, held, "The decisions in cases where an employer has paid premiums on life insurance policies issued for the benefit of an employee are in point. In such cases it is held that the amount paid as premiums is presumed to be additional compensation for the employee's services, and that it constitutes income to the employee on the theory that he has received a benefit in the form of insurance protection as a substitute for the cash payment. * * And it has been held that this is true even though the employee does not have the option to take in cash the amount paid as premiums. Brodie v. Commissioner, 1 T.C. 275."

7. The plaintiff receives a substantial insurance benefit, which he controls or designates for his benefit, as a substitute for cash payment. "Section 22(a) of the Revenue Act (of 1938, a predecessor of Section 61 of the 1954 Code) is broad enough to include in taxable income any economic or financial benefit conferred on the employee as compensation, whatever the form or mode by which it is effected." Commissioner of Internal Revenue v. Smith, 324 U.S. 177, 181, 65 S.Ct. 591, 593, 89 L.Ed. 830; Old Colony Trust Co. v. Commissioner, 279 U.S. 716, 729, 49 S.Ct. 499, 73 L.Ed. 918.

8. The plaintiff in applying for a life insurance policy which was accepted by the insurer came into possession of rights and interests susceptible of ownership, (Burnet v. Wells, supra) and the plaintiff, by reserving to himself the right to change the beneficiary, to exchange the policy for and to borrow against the cash surrender value accruing thereunder, to assign the policy, to cancel the policy and substitute other policies and to forfeit them by non-payment of premiums, retained and possessed in totality the incidents of ownership in the policy. Chase Nat. Bank v. United States, 278 U.S. 327, 49 S.Ct. 126, 73 L.Ed. 405; Cannon v. Nicholas, (D.C.Colo.) 10 F.Supp. 718; Hall v. Wheeler, (D.C.Me.) 174 F.Supp. 418; Fried v. Granger, (D.C.Pa.) 105 F.Supp. 564.

9. The Supreme Court has held, in defining gross income that Congress intended to tax all gains except those specifically exempted. Commissioner of Internal Revenue v. Glenshaw Glass Co., 348 U.S. 426, 75 S.Ct. 473, 99 L.Ed. 483; Commissioner of Internal Revenue, v. LoBue, 351 U.S. 243, 246, 76 S.Ct. 800, 100 L.Ed. 1142. There is nothing in the record in this case to indicate that these annual premium payments constituted exempt "gifts" under Section 102 (a) of the 1954 Code, and there is no indication of the kind of detached and disinterested generosity required to evidence a "gift" in the statutory sense. Commissioner of Internal Revenue v. LoBue, supra, 351 U.S. p. 246, 76 S.Ct. p. 802; Commissioner of Internal Revenue v. Duberstein, 363 U.S. 278, 80 S.Ct. 1190, 4 L.Ed.2d 1218.

10. Where an employee has received payments in cash or kind from his employer in addition to his agreed salary there is a strong presumption that such payments are additional compensation and taxable to the employee, and the presumption gains added force from the employer's treatment of the payments on its own tax returns as ordinary and necessary expenses. Commissioner of Internal Revenue v. Bonwit, supra; Yuengling v. Commissioner of Internal Revenue, supra. The charging off to expense of the payments by the employer indicates that it was not a "gift" but was additional compensation to the employee,

although there was no legal duty to pay money on the part of the employer and the charging off to expense negatives an intent to give. Fisher v. Commissioner, (CA 2) 59 F.2d 192; Noel v. Parrott, (CA 4) 15 F.2d 669, cert. denied 273 U. S. 754, 47 S.Ct. 457, 71 L.Ed. 875, cited with approval by the Supreme Court in Old Colony Trust Co. v. Commissioner, supra, 279 U.S. p. 730, 49 S.Ct. p. 504.

■ 11. Exemption applicable to premiums paid on group term life insurance is not applicable to premiums paid by an employer on a permanent, individual life insurance policy owned by the employee, and in Canaday v. Guitteau, supra, 86 F.2d pp. 304, 305, the court held: "Nor do the circumstances here disclosed bear any analogy to those cases in which the employer takes out group insurance for the benefit of his employees, regarding such an investment as beneficial to himself in the way of increased efficiency arising from the consciousness of security and contentment thereby created in the minds of his employees." See, also, Adams v. Commissioner, supra, 18 B.T.A. p. 384; Danforth v. Commissioner, supra, 18 B.T.A. p. 1222. In group term insurance policies the contract is made by the employer and the premium thereon is determined by reference to the size of the group; the payment of the amount of the policy is contingent upon the employee's continuance until death in his present employment which may be terminated at any time; the group term policy provides only current insurance protection and has no paid-up values or reserves (cash surrender values) either to the employer or employee; the financial benefits under group term life insurance do not move to the employees personally but only to their heirs and dependents after their death. Since the only benefit which can be derived from the premiums paid on group term insurance consists of current insurance protection, the Commissioner of Internal Revenue has considered the premiums paid as not constituting gain derived or realized by the employee in dollars and cents. The payment of the premium is made by the employer and allowed as a deduction by the Commissioner, not as added compensation to the employee but as an ordinary and necessary expense on the theory that it is an investment in increased efficiency of the employees because it generates in the minds of the employees a feeling of contentment that provision has been made for his dependents. This distinction between permanent and group term insurance has long been recognized by the Commissioner, and was set forth in Solicitor's Opinion reported at 0.1014, 2 Cum.Bull. 88 (1920), and in Mim. 6477, 1950–1 Cum. Bull. 16.

■ 12. The plaintiff in this case owns the policy of insurance to the complete exclusion of his employer; the beneficiaries are members of the plaintiff's family; the plaintiff has the right to control the beneficiary; his rights therein are vested and nonforfeitable and are not contingent upon his continued employment with his employer; the policy has accrued paid-up cash values or reserves and the plaintiff is free at any time to exchange it therefor, or to borrow thereon, to assign the policy, or to convert it to other insurance; there is no contingency which could deprive the plaintiff of benefits accrued from the employer's payment of premiums; cessation of employment would very likely result in a termination of future premium payments by the employer but it would not have any effect on benefits already accrued; since 1947, and during the years in question, the plaintiff's employer was purchasing a life insurance policy for the plaintiff which has an ascertainable and lasting economic value to the plaintiff; the payments conferred upon the plaintiff a definite economic benefit, clearly measurable and thus subject to tax.

For the foregoing reasons, it is my opinion that judgment in this case should be entered in favor of the defendant, and

It is so ordered.